HANNAH LANNEN, an infant, by JOHN LANNEN her guardian, Respondent, *v.* THE ALBANY GAS-LIGHT COMPANY, Appellant.

Where the defendant (a gas company), being informed that gas was escaping in the cellar of an occupied house, sends its employe to ascertain the location of the leak, (it being responsible for the loss and repairs, if the leak was in the service pipe), and the person so sent, by lighting a match in the cellar, causes an explosion, by which the plaintiff is injured, such employe, although acting for the benefit of the occupants of the house as well as of the defendant, is the agent of the defendant only, and the defendant is liable for his negligence.

If such agent is incompetent or ignorant, it is negligence to select him or to send him without proper instruction. If competent, the company is liable for his careless performance of his employment. If the service was the business of the defendant, although beneficial to the occupants, it was bound to exercise ordinary care and prudence. Even if it was gratuitous, it is still bound to exercise some care and liable for gross negligence.

The act of the plaintiff's father (the plaintiff being an infant) in causing the leak, if proved, would be too remote to become contributory negligence, and the fact is immaterial.

(Argued January 12th; decided May 6th, 1871.)

APPEAL from a decision of the General Term of the Supreme Court, in the third district, upon exceptions there heard in the first instance, ordering judgment upon a verdict in favor of the plaintiff.

This action was tried at the Albany circuit, in February, 1865. On the trial it appeared that the plaintiff's father, on the 6th of December, 1861, was the owner of a house in the city of Albany, which, with the cellar under it, was divided into several separate apartments. Some of the apartments were occupied by her father, with whom she resided, others by different tenants, each of them occupying a separate apartment of the house as well as a separate apartment of the cellar under it.

The plaintiff's father procured to be put into the cellar of the house gas pipes, for the use of the house. The pipes were not put in by the defendant, nor was it the defendant's duty to keep them in repair. The defendant put down what is called the service pipe, extending from the outside through the cellar wall. That portion it was the defendant's duty to keep in repair; in case of a break below the meter, the loss of gas was sustained by the defendant. The break, in this case, was below the meter, and the evidence tended to show that it was occasioned by the piling of coal against a bend in the pipe, by a tenant in the occupancy of that portion of the cellar where it occurred, which fact was unknown to the plaintiff's father. It was the custom of the defendant to ask its customers to notify it of leaks in the pipes, and upon receiving such notice, to send one of the persons in its employment, whose duty it was to ascertain where the leak was. On the 6th of December, and shortly prior to the injury complained of, the cellar was discovered to be full of gas; the gas was at once turned off the meter, and a tenant occupying one of the apartments of the house notified a clerk of the defendant; who, upon being informed that the gas had been turned off, directed that no one go in, with or without a light; saying that a man would be there in a quarter of an hour. Within that time, the company sent a laborer, by the name of Smith, who went into the cellar, and, as the evidence tended to prove, lighted a match, producing an explosion and the injury complained of to the plaintiff, who was then about seven years of age. It was proved that, at the time of the explosion, there was in

the kitchen occupied by the plaintiff's father, on the first floor of the house, a red hot stove; that there were four other kitchen stoves in the house in use. Upon this state of facts, the defendant moved that the plaintiff be nonsuited, upon the grounds following:

1st. That there was no evidence of negligence on the part of the defendant.

2d. That the accident is attributable, in part at least, to the negligence of the plaintiff, or of those by whose acts she is bound.

3d. The evidence showing the leak to have been in the tenant's pipe, the act of the defendant in looking for the cause was gratuitous, and in the employment and service of the tenant, for which the defendant was not responsible.

The court denied the motion and the defendant excepted.

The defendant then requested the court to charge the jury:

1st. That if Smith was guilty of negligence in lighting a match, the defendant is not liable, if the leak to be ascertained and repaired was in the bend described, and not in the service pipe.

2d. That there is no evidence that the injury complained of was caused by the negligence of the defendant.

3d. That the leak being in the plaintiff's pipe and Smith having been sent there at the plaintiff's request, he should be deemed in part the agent of the plaintiff.

4th. That if the jury are satisfied that the leak, from which the gas escaped, was in the plaintiff's pipe and not in the service pipe, the plaintiff was guilty of negligence which contributed to the injury and could not recover.

The court declined to comply with either of the requests made, and the defendant in due time excepted separately to its refusal to charge, in each case, as requested. The court charged "that Smith was the agent of the defendant and not of the plaintiff in ascertaining where the leak was." To which the defendant excepted. And further charged that "if the injury was caused by the negligence of Smith in lighting the match," the defendant was liable. To this part of the

charge the defendant also excepted. The jury rendered a verdict for the plaintiff for $2,000. The exceptions taken were ordered to be heard in the first instance at the General Term, and were so heard. A new trial was denied, and judgment ordered and entered upon the verdict; from which the defendant appealed to the Court of Appeals. The case below is reported, 46 Barbour, 264.

*Sidney T. Fairchild*, for the appellant.

*Samuel Hand*, for the respondent.

GRAY, C. Every legal proposition in this case, to which the facts therein give rise, is involved in the charge of the judge at circuit, " that Smith was the agent of the defendant and not of the plaintiff," and "that the defendant was liable, if the injury complained of was caused by his negligence in lighting the match;" and in the refusal to charge that if the leak, from which the gas escaped, was in the plaintiff's pipe and not in the service pipe put in by the defendant, the plaintiff was guilty of negligence which contributed to the injury. It was among the unquestioned facts in the case, that the loss of gas escaping, as it did in this case, from a place in the pipe below the meter, was the loss of the defendant and not of the plaintiff's father; that it was the defendant's custom to invite its customers to give notice of the escape of gas from the pipes; that it kept in its employ persons to examine and ascertain the location of the leak or leaks through which the gas escaped; that the notice given that the cellar was filled with gas was responded to by the defendant, by sending Smith to ascertain the cause. And thus the proposition charged by the court, that Smith was the agent of the defendant and not of the plaintiff's father, was clearly established; and, as a matter of course, if he was so careless in the discharge of the duty confided to him as to cause the injury complained of, the defendant was responsible. There was no evidence that the plaintiff's father was in any respect

at fault for the break in that portion of the pipe from which the gas escaped. But concede it to be otherwise, and that in a drunken fit he had staggered against it and caused it to spring a leak. It is difficult to see how that contribution to the injury (if it may be so regarded), should shield the defendant. As well might an unskillful or careless surgeon, called to ascertain if a fracture existed and its location, excuse himself for negligence in respect to it by proving that his patron, being intoxicated, fell from a horse and caused the fracture. The judgment should be affirmed.

EARL, C. If it had appeared that the accident, which resulted in the injury of the plaintiff, was occasioned, in any degree, by the negligence of the plaintiff or her parents, such negligence would undoubtedly have been a defence to this action. But there is no proof of such negligence. It does not appear how the crack in Mr. Lannen's pipe, through which the gas escaped, was occasioned. There is certainly no evidence that it was occasioned by the negligence of plaintiff's parents. It is, however, wholly immaterial how the gas came into the cellar. It was entirely harmless there, except to persons inhaling it. If not interfered with, it had no tendency whatever to produce the accident complained of. It was a very explosive fluid, and the accident was caused by the explosion, and that was caused by the lighted match; and the only negligence, in any way connected with the accident, was in lighting the match in the cellar. Suppose there had been no gas in the cellar, and Lannen had placed an open keg of powder in the cellar, and had informed defendant and its agent that it was there, and the agent had carelessly thrown a lighted match into it, and thus blown up the house; could it have been said, in any legal sense, that the negligent act of placing the powder in the cellar contributed to the accident? To any such charge of negligence, it would have been a sufficient answer that the defendant and its agent were notified, as they were in this case, that the explosive element was there.

Smith lighted the match, and the judge at the circuit

charged that he was the agent of the defendant, and not of the plaintiff. To this charge the defendant excepted. Smith was in the service of the defendant. Upon receiving information that the gas was escaping at this house, it sent Smith to ascertain where the leak was, and what occasioned it. It was the duty of the company to keep the meter and service pipe in repair, and it was for its interest to know when there was a leak, so that it might ascertain where it was and repair it.; or, if it was not in the service pipe or the meter, that it might shut off the gas until the owner repaired it; and, hence, it was its custom to require notice of all leaks to be given to it. It selected Smith. He was in its employ, paid and controlled by it. He was in no sense the agent of plaintiff's father. He did not become such agent from the fact that his examination was also for the benefit of the occupants of the house. Such occupants would be benefited by the supply of the gas; and yet this did not make any of the persons supplying it in any way their agents. It sent Smith into this cellar to do a work, primarily for it, which might also benefit the occupants of the house; and yet it is clear he remained the agent of the defendant.

The judge also charged the jury that, if the injury was caused by the negligence of Smith in lighting a match, the defendant was liable; and to this charge the defendant excepted. The judge was not requested to charge as to the degree of negligence for which the defendant was liable, and it does not appear how he charged upon that subject, and it must be presumed that he charged correctly. The defendant was bound to send a competent agent to the cellar, who knew how to conduct himself in the presence of gas, as it was informed that the gas had escaped into the cellar before it sent him. And, if the agent was incompetent and ignorant of the explosive nature of gas, then it was negligent in selecting such an agent, or in not properly instructing him before he was sent. If it selected a proper and competent agent, then it is responsible for the carelessness of its agent. If the agent went into the cellar upon the business of the company,

to do a work beneficial to the company, and at the same time beneficial to the occupants, he was bound to exercise ordinary care and prudence, and the jury did not err in holding that lighting the match in the cellar filled with this explosive gas showed the absence of such care. If it should be held that Smith was sent by the company, as its agent, to do a gratuitous service to plaintiff's father, he was still bound to some care, and he would certainly be liable for gross negligence. (Story's Agency, §§ 18, 20; 2 Kent's Com., 572; *Rooth* v. *Wilson*, 1 B. & Ald., 59; *Shiells* v. *Blackburne*, 1 H. Black., 158, 162.) And the jury may well have found that Smith's act, which caused the explosion, was grossly negligent.

It matters not that the agent found that the leak was at a place which the defendant was not bound to repair. This was not known when he went into the cellar, and was the very fact which it was the interest of the defendant to ascertain.

Upon the whole case, therefore, I can see no reason to disturb the judgment below and favor its affirmance.

All for affirmance.

Judgment affirmed with costs.