Canal & B. Co. v. New Orleans, 99 U. S. 97.
[5] People v. Worthington, 21 Ill. 171; Trustees v. McConnel, 12 Ill. 138; People v. Rhodes, 15 Ill. 304.
[6] People v. Eastman, 25 Cal. 603.
[7] State v. Runyon, 41 N. J. Law, 98.

---

GRETHEN, Adm'r, etc., *v.* CHICAGO, M. & ST. P. RY. Co. (Two Cases.)[1]

*(Circuit Court, D. Minnesota. December Term, 1884.)*

RAILROAD COMPANY—INJURY TO PERSONS WALKING ON TRACK—CONTRIBUTORY NEGLIGENCE.

While a railroad company is held to the highest degree of care in operating its road, and is liable for all injuries that result solely from a failure to exercise such care, persons who take the risk and perils of traveling upon railway tracks, and are thus brought into dangerous positions, voluntarily assumed, are not free from fault, and if injury results therefrom the company is not liable.

At Law.

*J. G. Wooley*, for plaintiff.

*W. H. Norris* and *Bigelow, Flandreau & Squires*, for defendants.

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

NELSON, J. The motion in the case of *Anton Grethen, Administrator of the Estates of Mary and Anna Thomley*, against *The Railroad Company*, to instruct the jury to find for defendant, involves the question of contributory negligence on the part of the plaintiff's intestate, Mary Thomley. The plaintiff cannot recover if the negligence of Mrs. Thomley contributed to the death of herself and child. In considering the question presented, the view of the evidence most favorable to the plaintiff must be taken. The important facts proved are these: Mr. Thomley, who resided in the city of Minneapolis, near the railroad operated by the defendant, started on the morning of the fifth or sixth of August, accompanied by his wife and two children, to go to the depot of a motor railway, nearer the center of the city than his residence. Instead of taking the streets leading to their destination, they walked down the right of way of the defendant towards this motor-line depot. It seems that the public generally, with knowledge of the company, or, at least, without objection, used these tracks, or the space between them, as a foot-path. The Thomley family had lived for a year or two near the defendant's railroad track, which ran in the rear of their residence, and were fully aware of the manner of operating the road, and presumed to know the danger of using the railroad track as a foot-path. There were four tracks leading north towards the heart of the city. While Mr. and Mrs. Thomley and their two children were walking on the track, one train passed up, which was avoided. They walked on, the father and one child ahead, and the mother following, the other child being a little in advance of her. When she and the child reached the Fourth street crossing, and were just on the street, both mother and child were struck and run over by a freight car that had made a running or flying switch, so called. This switch permitted the car, after being detached from the engine, to run over the crossing, and by means of it the detached car and engine came down on separate tracks. At this point the railroad company were grading for a fifth track, and had thrown up a small embankment running along the west side of the track from Fourth street south about 30 or 40 feet. The car was coming down the track across the street at a rapid rate of speed; no whistle was sounded or bell rung, and no brakeman was seen upon the car. The view, however, was unobstructed, and the train was in full sight, and the day was clear. This mode of making a running or a flying switch, and permitting a detached car to pass over a crossing, is a fruitful source of disasters; and in this case it is a fair inference from the evidence that the company was guilty of negligence in so doing. The negligence of the company being established, we are to consider whether Mrs. Thomley exercised ordinary care to avoid the collision; if she was guilty of contributory negligence the plaintiff cannot recover in this action. Persons living in the vicinity of railroads who use the tracks or the embankments, or the space between the tracks, as a foot-path, are wrong-doers, unless permission is granted by the company

so to use its tracks. Although pedestrians, or the public generally, travel over them without objection, people go there at their own risk, and, as said by the supreme court of Massachusetts, "enjoy the license subject to the perils." *Gaynor* v. *Old Colony R. Co.* 100 Mass. 208.

If the collision had occurred while Mrs. Thomley was on the right of way below on Fourth street, she undoubtedly would have been guilty of contributory negligence, and could not recover. Was she free from negligence because Fourth street had been reached and she had just passed the line of the street when killed? I have considered this evidence carefully, giving it full weight, and am forced to the conclusion by the facts and the law applicable thereto, that she was guilty of contributory negligence. She had reached a dangerous position upon the street, which resulted in her death and that of the child. It was voluntarily assumed. She placed herself in a position of danger by walking up the tracks of the defendant, in front of an approaching car, in full view of her. If she had passed to the left of the low embankment, thrown up by the defendant in grading for the new track, she would have escaped all danger; but she passed on, without taking heed of the approaching car, and met her death.

While a railroad company is held to the highest degree of care in operating its road, and is liable for all injuries that result solely from a failure to exercise such care, persons who take the risk and perils of traveling upon railway tracks, and are thus brought into dangerous positions, voluntarily assumed, are not free from fault, and if injury results therefrom the company is not liable.

In the case of Mary Thomley the motion will be granted. In the case of the administrator of the child, Anna Thomley, against the railroad company, the negligence of the mother being imputed to the child, bars a recovery in that case.