### THE BURGUNDIA.[1]

#### CARTARSSO, Guardian, etc., v. THE BURGUNDIA.

*(District Court, S. D. New York. December 27, 1886.)*

**NEGLIGENCE — NEGLECT OF THOSE IN CHARGE OF INFANT — IMPROPER PLACE — LIABILITY OF VESSEL — RUDDER CHAINS.**

Libelant's ward, an infant three years old. was injured on board of the steam-ship Burgundia, by the rudder chain, which ran in an open box on the main deck. Previous to the accident, the infant's nurse had left him to himself, and, when hurt, he was in a part of the ship where he had no right to be. *Held*, that the fault rested with those who had charge of the child, and that the vessel was not liable for the injury.

In Admiralty.
*A. B. Stewart*, for libelant.
*Benedict, Taft & Benedict*, for claimants.

BROWN, J. The libelant's ward, Louis Cartarsso, a child of three years old, while on a voyage to this port from Naples, on the second day out, had its fingers crushed in putting them into the trough that carries the rudder chain across one of the pulleys upon the main deck. The child, being uneasy, had been set down by the nurse a few minutes before, and ran aft of the place where the steerage passengers were allowed; and, as the evidence shows, a few minutes afterwards its screams were the first notice that the nurse had that it was meddling with the chain. The wooden groove or box was such as is usual upon nearly all steam-ships, and no customary precaution was neglected. It is necessary that such chains shall be subject to constant and immediate inspection. It is plain that the child was where it had no business to be, and was improperly left to run into what dangers it might find. There is no law that requires a ship to prevent the possibility of accidents to infants incapable of taking care of themselves, who are suffered by those in charge of them to roam about the ship. The box provided in this instance was a reasonably sufficient precaution against liability to accident, and the blame is wholly on those in charge of the child.

The libel must be dismissed.

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.