## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

---

## NASHVILLE, DECEMBER TERM, 1903.

---

### NASHVILLE RAILROAD *v.* EDGAR M. HOWARD, BY NEXT FRIEND, W. A. HOWARD.

*(Nashville.* December Term, 1903.)

1. **EVIDENCE.** Of conditions before or after accident remaining unchanged is admissible.

    While in negligence cases the condition of the appliances or premises at the time or place of injury is the material question, yet evidence of conditions-before or after the accident may be received, where it is also shown that the conditions testified to remain unchanged down to the occurrence of the injuries or to the time to which the evidence relates. (*Post, pp.* 114-115.)

    Cases cited and approved: Railroad v. Lindamood, 1 Cates, 411-412; District of Columbia v. Arms, 107 U. S., 519.

Railroad v. Howard.

2. **SAME.** Same. **Of** conditions so soon before or after accident as warrant inference of same conditions is admissible.

So, evidence is admissible of conditions existing so short a time before or after the accident as, under the circumstances, to warrant an inference of fact that the same conditions existed when the injuries were received. (*Post, pp.* 114-115.)

Case cited and approved: Railroad v. Lindamood, 1 Cates, 411-412.

3. **SAME.** Same. Case in judgment.

In an action against a street railroad company for personal injuries to a passenger caused by his being thrown from his seat violently to the ground by the sudden jerking or jolting of the car caused by defective rails and switch board or frog, and it appearing that the track at the point of the accident had been in the same condition for several months prior thereto as at the time of the accident, it was proper and not error to admit the testimony of witnesses that they had been nearly thrown from the cars at that point on previous occasions, that they had seen cars derailed at that point and had helped to put them back on the track. (*Post, pp.* 111-115.)

4. **NEGLIGENCE.** Of parent is not imputable to child, where it is not negligent.

In an action by a child through its next friend to recover damages for personal injuries, the negligence of its parent in actual custody and control of the child is not imputable to the child, where the child is not guilty of any negligence, but uses due care. (*Post, pp.* 115-126.)

Cases cited and approved: Whirley v. Whiteman, 1 Head, 610; Bamberger v. Railroad, 95 Tenn., 18; McGarry v. Loomis, 63 N. Y., 104; Lennan v. Gas Light Co., 44 N. Y., 459.

Case cited and disapproved: Hartfield v. Roper, 21 Wend., 615.

Cases cited and distinguished: Railroad v. Stratton, 78 Ill., 88; Railroad v. Grable, 88 Ill., 441; Railroad v. Moore, 59 Texas, 64;

Railroad v. Howard.

Railroad v. Bohn, 27 Mich., 504, 516; Railroad v. Caldwell, 74 Pa., 421; Stillson v. Hannibal, 67 Mo., 671; Waite v. Railroad, El. Bl. & El., 719-728; Koons v. Railroad, 65 Mo., 592; Holly v. Boston G. L. Co., 8 Gray, 132; Grethen v. Railroad (C. C.), 22 Fed., 609; The Burgundia (D. C.), 29 Fed., 464; Railroad v. Logue, 158 Ill., 621; Carter v. Towne, 98 Mass., 567; Carter v. Towne, 103 Mass., 507; Morrison v. Railroad, 56 N. Y., 302; Lannen v. Gas Light Co., 46 Barb. 264; Lannen v. Gas Light Co., 44 N. Y., 459; Railroad v. Snyder, 18 Ohio St., 400; Kay v. Railroad, 65 Pa., 276; Railroad v. Mahoney, 57 Pa., 187; Railroad v. Caldwell, 74 Pa., 421.

5. **SAME. Same. Case in judgment.**

A child passenger on a street car in the actual custody of his parent is not guilty of any negligence himself, and no negligence of the parent can be imputed to him, where he is sitting in his seat, and holding to the guard attached to the seat, and not leaning out nor committing any incautious act, and his parent is sitting on the opposite seat facing him, when owing to a plunging and jerking of the car caused by a defect in the track, he was violently thrown to the ground and severely injured. (*Post, pp.* 111-126.)

6. **SAME. Same. Refusal to charge that parent's negligence proximately contributing to injury of child prevents its recovery is not prejudicial, if neither was negligent.**

Ordinarily a failure and refusal to charge a request that if the negligence of the parent in the actual custody and control of a child proximately contributed in any degree to produce the injury the defendant would not be liable would constitute prejudicial and reversible error; but where no heedlessness on the part of the child is shown, nor negligence on the part of the parent in failing to prevent incautious acts of the child, there would be no basis for imputing to the child any negligence on the part of the parent that proximately contributed to the injury. (*Post, pp.* 115-126, but especially 124.)

Case cited and approved: Railroad v. Norman, 108 Tenn., 334.

7. **CHARGE.** Refusal of request explaining meaning of terms not used in regular charge is not error, when.

Refusal to charge a request instructing the jury as to the meaning of the proposition that "a carrier of passengers must provide for their safety as far as human skill and foresight will go" is not error, where the proposition was not so charged in the regular charge, and for this reason, there was no occasion to explain what was meant by those terms or such proposition. (*Post, pp.* 126-127.)

8. **SAME.** That railroad tracks must be kept in reasonably safe condition cannot be complained of.

In an action against a street railroad for personal injuries to a passenger, on account of a defective track, it can not complain of a charge that it was its duty to keep its track, cars, and appliances, and its switches and frogs in a reasonably safe order and condition. (*Post, p.* 127.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson county.— JOHN W. CHILDRESS, Judge.

J. M. ANDERSON, for Railroad.

WASHINGTON, ALLEN & RAINS, for Howard.

---

MR. JUSTICE McALISTER delivered the opinion of the Court.

Railroad v. Howard.

W. A. Howard, as next friend to his minor son, E. M. Howard, recovered a verdict and judgment in the circuit court of Davidson county against the defendant railroad company for the sum of five thousand dollars ($5,000) as damages for injuries to the son. The company appealed, and has assigned errors.

The cause of action, as outlined in the declaration, is that the plaintiff, a minor, four years of age, took passage with his mother and sister on one of defendant's cars, for the purpose of returning to his home in northeast Nashville; that at the intersection of Meridian and Foster streets, by reason of the defective rails and switch board or frog, and the track thereunder, as well as the careless and negligent handling of the car by the motorman, a sudden jerk or jolt was caused, throwing plaintiff from his seat violently to the ground, and so mangling and crushing one of his legs that its amputation was necessary.

The facts are that on the twenty-first of November, 1900, the plaintiff, in company with his mother and sister, boarded an open Meridian street car on the public square, occupying the second seat from the front, the child being seated between his mother and sister. When the car reached the bridge, the child, indulging a natural instinct to view the river, moved across to the seat immediately in front, facing his mother, and with his back to the motorman. The child sat near the end of the seat on the left of the car, and took hold of the guard on the end of the seat with his right hand. In this position

he was sitting near and readily accessible to his mother and sister. He remained in this position until he was thrown from his seat to the ground at the intersection of Foster and Meridian streets. When nearing this point the mother rang the bell for the car to stop in front of her house, but the motorman, without observing the signal, failed to stop, and continued on around the curve leading to Meridian street, and when the car wheels struck the frog at the point where the curve began, in the language of the conductor, "there was a plunging jerk, like the track going down and the car up." The result of this jerk, as already stated, was to throw the child from his seat to the track, and, before he could be rescued, the wheels ran over his foot and leg. There is evidence tending to show that the sudden plunging jerk and jar of the car was owing to the defective track. The proof of the plaintiff shows that the rails were lower than the frog, and that there were open joints or spaces between the ends of the rails and the frog, and the rails were loose on both sides of the frog, and were not in alignment with the frog rail, so that when the car passed from the rail to the frog, and from the frog to the next rail, it caused a plunging jerk and jar of the car that was both unusual and dangerous. It is further shown that this had been the condition of the track for several months prior to the injury to the defendant in error.

It is conceded by counsel for plaintiff in error there is evidence tending to show that at the place of the accident the track was in a defective, unsafe, and dangerous

Railroad v. Howard.

condition; while the defendant company introduced a number of witnesses who testified that the track was in a safe condition, and the only jolting or jerking of the car was such as was necessarily incident to passing through the frog or switch. It is conceded by counsel that in this conflict of evidence this court would not undertake to .disturb the finding of the jury on the facts touching the defective character of the track.

The first assignment of error is that the court below erred in admitting the testimony of the witness Sloan to the effect that previous to the accident he had on several occasions been nearly thrown from the car at the same point. Sloan, it appears, was the conductor on the car at the time of the accident, and had been running as conductor for months prior to that time. He stated that in turning that curve on the occasion of the accident there was a kind of plunging jerk, like the track going down and the car up. The witness further stated there were times when he himself would have been thrown off if he had not been holding.

In this connection will be considered the second assignment of error, in which it is insisted that the court erred in permitting Dr. Frost to testify that previous to this accident he had seen cars derailed at this point, and had helped to put them back on the track, and that this had occurred more than one time.

The third assignment of error is that the court erred in admitting the testimony of A. B. Vaughn to the effect that previous to the accident, while attempting to leave

112 Tenn—8

the car at the place of the accident, he came near being
thrown off.

These assignments of error raise cognate questions,
and will be considered together.

It is insisted that this evidence was improperly ad-
mitted, because it adduced collateral facts and issues,
which were incapable of affording any reasonable pre-
sumption or inference as to the particular fact or mat-
ter in dispute.

We find, upon examination of the testimony of these
witnesses, that this railroad track had been in this con-
dition for eight or ten months prior to and up to the
date of the injury.   It is shown that there had been no
changes whatever in the condition of the track.

In *Railroad Co.* v. *Lindamood,* 109 Tenn., 411, 412,
74 S. W., 113, we approved the following rule:

"While in negligence cases the condition of the appli-
ances or premises at the time or place of injury is the
material inquiry, evidence of conditions before or after
the accident may be received, where it is also shown that
the conditions testified to remain unchanged down to the
occurrence of the injuries or to the time to which the evi-
dence relates.   So, evidence is admissible of conditions
existing so short a time before or after the accident as,
under the circumstances, to warrant an inference of fact
that the same conditions existed when the injuries were
received."

It is also settled by the weight of authority that evi-
dence of prior injuries to other persons under the same

circumstances as those which produced plaintiff's injuries is frequently admitted to show the defendant's actual knowledge of the defective or dangerous conditions or appliances, or as demonstrating the fact that defendants should have anticipated injuries, and were therefore negligent. 21 Amer. & Eng. Ency. of Law (2 El.), p. 519.

It must, of course, in all cases be shown that the conditions at the time of the other accident and the one directly involved in the litigation were substantially the same. Id., 520; *District of Columbia* v. *Arms*, 107 U. S., 519, 2 Sup. Ct., 840, 27 L. Ed., 618.

The evidence presented herein shows that the condition of the track at the time specified by the witnesses was substantially the same as its condition at the time of the accident. Hence we think, under the authorities cited, the evidence was clearly competent.

The fifth assignment of error is that the court below erred in refusing the special request of the company as follows:

"If you find from the proof that at the time of the accident the plaintiff, Edgar Meacham Howard, by reason of his tender years, was incapable of exercising ordinary care and prudence for his own protection, and, while a passenger on the car of the defendant, was in the immediate control, care, and custody of his mother, and that the mother, as such custodian of the child, failed on her part to exercise ordinary care and prudence for the child's protection, and that this was the proximate

cause of the accident, or contributed to it as its proximate cause, then the plaintiff cannot recover, although the defendant may have been itself guilty of negligence; provided, of course, you find that the defendant's negligence was not willful or intentional."

Counsel aver that, in requesting this charge, he did not invoke the doctrine declared in the case of *Hartfield* v. *Roper,* 21 Wend., 615, 34 Am. Dec., 273, which has been expressly repudiated by this court in two reported cases, *Whirley* v. *Whiteman,* 1 Head, 610 and *Bamberger* v. *Citizens' Street Railroad,* 95 Tenn., 18, 31 S. W., 163, 28 L. R. A., 486, 49 Am. St. Rep., 909. It was held in these cases that, in an action by a child through its next friend to recover damages for personal injuries, the negligence of its parent or guardian would not be imputed to the child, discarding the doctrine to that effect announced in *Hartfield* v. *Roper,* supra.

It is insisted, however, by counsel for the company, that the only point decided in *Hartfield* v. *Roper* was that the negligence of the parent in permitting the child to go unattended into a place of danger, or failing to confine it within safe limits, was to be imputed to the child, so as to defeat its action for damages predicated on the negligence of a third person. The distinction is sought to be made in this case that the negligence charged against the mother is not that she let her child go unattended upon the car. It is admitted that, under such circumstances, the company would have owed to the child a duty commensurate with its inability to care

for itself; but it is insisted that, when the mother boarded the car with-the child, it was under her immediate care and protection, and as such it was accepted as a passenger; that there was an implied obligation, which the mother assumed, to take care of the child. It is further insisted that the implied obligation of the street railway company was to carry the child, subject to proper care on the part of the mother, and that the negligence sought to be imputed to the child in this case is based on the negligence of the mother in failing to perform the duty which she, on behalf of the child, assumed.

The proposition formulated by counsel is that, in many of the States where the doctrine of *Hartfield* v. *Roper* has been expressly repudiated, it is nevertheless held that, while the parent's negligence in permitting the child to go into dangerous places unattended cannot be imputed to it, nevertheless where the parent is actually present and personally directing and controlling the action of the child, and the alleged breach of duty to the child arises from a contractual relation assumed by the parent for and on behalf of the child, the child must bear the consequences of the parent's failure to discharge the assumed obligations and duties. Citing *O. & M. Ry.* v. *Stratton*, 78 Ill., 88; *Toledo & W. Ry.* v. *Grable*, 88 Ill., 441; *G. H. & H. Ry.* v. *Moore*, 59 Tex., 64, 46 Am. Rep., 265; *East Saginaw St. Ry.* v. *Bohn*, 27 Mich., 504; *Pittsburg etc., Ry.* v. *Caldwell*, 74 Pa., 421; *Stillson* v. *Hannibal*, 67 Mo., 671; *Waite* v. *N. E. Ry. Co.*, El. Bl. & El., 719.

The leading English case on this subject is *Waite* v. *Northeastern Railway Co.*, El. Bl. & El., 719-728. It appeared in that case that a child, five years old, was in charge of its grandmother, who procured tickets for both at a railway station, with the intention of taking the train at that place. In crossing the track, for the purpose of reaching a platform on the opposite side, they were run down by a train, under circumstances of concurrent negligence on the part of the grandmother and 'the servants of the defendant. The grandmother was killed, and the child sustained personal injuries for which suit was brought. In the court of Queen's Bench, Lord Campbell, chief justice, held that the infant was so identified with the grandmother that the action could not be maintained. This view was sustained in the court of Exchequer Chamber. The judges generally based their opinions upon the ground that the action was for a breach of duty arising out of a contract made by the defendant with the person having the infant in charge. Lord Crowder, J., said:

"The case is the same as if the child had been in the mother's arms;" therefore whatever rights the plaintiff had must be predicated upon the contract of conveyance. "The contract of conveyance," said Cockburn, chief justice, "is in the implied condition that the child is to be conveyed subject to due and proper care on the part of the person having it in charge.

In this case it was the negligence of the person in actual custody of the child at the time of the injury that

was imputed to it. The rule of imputed negligence enunciated by the English courts is limited to cases where the parent or guardian is actually present and exercising control over the movements of the child. 2 Thompson on Negligence, p. 1182.

In *East Saginaw Ry. Co.* v. *Bohn,* 27 Mich., 516, the plaintiff, a child four years old, was injured by being thrown from the platform of a street car, and was run over, and his left leg was injured in such a manner that amputation was necessary. Suit was brought on behalf of the infant to recover damages sustained by him. It appeared that at the time of the accident the plaintiff was in charge of his twelve and one-half year old brother. The judge charged the jury that the railway company was required to act towards the plaintiff in the situation he then was; that is, considering his age and capacity, and the fact that he was there with a brother of the age named. They were not required to use towards him the same care and skill that might have been required had he been alone. They received him as he was, attended by his older brother, and were required to act toward him just as he was situated; and he further instructed them that if the brother was of an age to have exercise reasonable discretion, and plaintiff was seated where, with the exercise of such discretion in his behalf, he could ride in safety, plaintiff could not recover, unless the injury resulted wholly from the negligence of the company.

Judge Cooley said: "This charge appears to me all the defendant had a right to demand."

In *Stillson* v. *Hannibal*, 67 Mo., 671, the court said:
"The first question which naturally presents itself,
in view of the facts, is whether the responsibility of the
defendant in this case is varied from that which is ordinarily exacted from it towards persons of mature years,
by reason of the tender years of the plaintiff. There are
cases in which it is determined that the same degree of
care is not to be expected or required from a person of
immature age as would be required of one who had
reached years of discretion; and, therefore, that what
would be contributory negligence in the one case would
not be so considered in the other. The distinction
was recognized by this court in *Koons* v. *Iron Mountain
Railroad Co.*, 65 Mo., 592. These are, however, cases in
which the father, guardian, or other protector of the
party injured is not present when the injury occurs. In
the present case the father and child were together, and
it was not simply a permission on his part that his little
daughter should cross the railroad at the point she attempted, but the exact place was pointed out to her by
her father, and she was proceeding within his view to
follow his directions when the injury happened. If,
under such circumstances, the father was guilty of negligence, that negligence must be imputable to the child
in a suit by the child for damages. As was observed
by the supreme court of Massachusetts in a similar action (*Holly* v. *Boston G. L. Co.*, 8 Gray, 132 [69 Am. Dec.,
233]) : 'She was under the care of her father, who
had the custody of her person and was responsible for

her safety. It was his duty to watch over her, guard her from danger, and provide for her welfare; and it was hers to submit to his government and control. She was entitled to the benefit of his superintendence and protection, and was consequently subject to any disadvantages resulting from the exercise of that parental authority which it was both his right and duty to exert. Any want of ordinary care on his part is attributable to her in the same degree as if she was wholly acting for herself.' In *Waite* v. *N. E. Railway Co.*, 96 Eng. C. L., 728, s. c., El. Bl. & E., 719, the question was whether, in an action by an infant for injuries caused to him by the negligence of the defendant, it could be set up by way of defense that the negligence of the person in charge of the infant contributed to the accident. The court of Queen's Bench held that it could, and in this opinion the court of Exchequer Chamber concurred. Williams, J., said: "There was here, as it seems to me, from the particular circumstances of the case, an identification of the plaintiff with the grandmother, whose negligence is therefore an answer to the action. The person who has charge of the child is identified with the child. If the father drives a carriage, in which his infant child is, in such a way that he incurs an accident, which by the exercise of reasonable care he might have .avoided, it would be strange to say that, though himself could not maintain an action, the child could.' In *Ohio & Mississippi Railroad* v. *Stratton*, 78 Ill., 88, s. c., 3 Cent. L. J., 415, the supreme court of Illinois held that

the negligence of the parent or guardian having in charge a child of tender years, where it is the proximate cause of the injury by unnecessarily and imprudently exposing it to danger, prevents any recovery from the carrier corporation. In the present case the inquiry should have been whether the father was guilty of any contributory negligence, and whether such negligence, if any there was, was the proximate cause of the injury."

*Grethen* v. *Chicago R. R.* (C. C.), 22 Fed., 609; 19 Am. & Eng. R. R. Cases, 342; *The Burgundia* (D. C.), 29 Fed., 464; *Chicago R. R.* v. *Logue,* 158 Ill., 621, 42 N. E., 53; *Carter* v. *Towne,* 98 Mass.; 567, 96 Am. Dec., 682; Id., 103 Mass., 507; *Morrison* v. *Erie R. R. Co.,* 56 N. Y., 302; *Lannen* v. *Albany Gas Light Co.,* 46 Barb., 264; Id., 44 N. Y., 459; *Bellefontaine R. R. Co.* v. *Snyder,* 18 Ohio St., 400, 98 Am. Dec., 175; *Kay* v. *Penn. R. R. Co.,* 65 Pa., 276, 3 Am. Rep., 628; *North Penn. R. R.* v. *Mahoney,* 57 Pa., 187; *Pittsburg R. R.* v. *Caldwell,* 74 Pa., 421.

The circuit judge on the trial of this cause did instruct the jury that the contributory negligence of the mother, who was in actual custody of the child at the time of the injury, was imputable to the child. The court said:

"It further appearing that the child was brought upon the car by its mother, and was in her care and custody, the same degree of care and protection of the child was thus imposed on its mother as would have been imposed upon an ordinary passenger of intelligence and experience, . . . that degree of care and precaution that

Railroad v. Howard.

an ordinarily prudent person would have exercised under like circumstances and conditions; and in arriving at that you can look to the age of the child, the kind of car they were riding on, the fact that the cars in their ordinary travel necessarily cross switches and frogs and use curves upon the track; and if the proof shows that in crossing these frogs, switches, and curves there is jerk, jolt, or jostle occasioned thereby, that fact should be considered; and if the mother failed to exercise that degree of care and precaution for the safety and protection of the child incumbent on her as explained to you above, and such failure on the part of the mother was the proximate and controlling cause of its injuries, then the child could not recover in this action."

And further on in the charge, his honor charges as follows:

"Again, should you find that the mother of the plaintiff failed to exercise the ordinary care and caution for the protection of a child that has been explained to you above as incumbent upon her, and such failure upon her part was the proximate and controlling cause of his fall and injuries, then, and in that event, you should find for the defendant. So, also, should you find that the negligence of the plaintiff's mother and the negligence of the defendant company equally contributed in producing the accident and injury, in such event you should find for the defendant.

"Should, however, you find that the negligence of the

mother contributed materially to the accident and injury to the child, but was not its proximate and controlling cause, that would not deprive the plaintiff of a right to recover, but should be taken by you in mitigation of the damages you would otherwise allow."

It will thus be seen that the doctrine of imputed negligence was distinctly charged by the circuit judge. But the precise proposition presented by the assignment of error is that the court failed and refused to charge that, if the negligence of the mother contributed proximately to bring about the accident, plaintiff could not recover. It will be observed that in the general charge already quoted the jury were told there could be no recovery if the negligence of the mother was the proximate and controlling cause of the injury, or if the mother and defendant equally contributed in producing the accident; but the court refused to charge that if the negligence of the mother proximately contributed in any degree to produce the injury the defendant company would not be liable. Ordinarily, such failure and refusal to charge would constitute prejudicial error for which there should be a reversal. *Nashville Railway* v. *Norman,* 108 Tenn., 334, 67 S. W., 479. But unless there are facts in the record showing heedlessness on the part of the child, and negligence on the part of the mother in failing to prevent the incautious act of the child, there would be no basis for imputing to the child any negligence on the part of the mother that proximately contributed to the injury.

Railroad v. Howard.

It seems that even in jurisdictions where the doctrine of *Hartfield* v. *Roper* has been recognized, it is now held the rule is not applicable when it appears that the injured child, although *non sui juris,* has exercised ordinary care to avoid the injury, or, as it is otherwise expressed, when the child used due care there is no imputability. See cases cited in 7 Am. & Eng. Law, 451.

Says Mr. Thompson, a sensible interpretation of the rule is that if a child, though *non sui juris,* has not committed or omitted any act which would constitute negligence in a person of full discretion, an injury by the negligence of another cannot be defended on the ground of contributory negligence of the parent or custodian in not restraining the child. In such a case the child, being in a lawful place, and exercising what would be regarded as ordinary care in an adult, is entitled to recovery for an injury occasioned by the wrongful act of another, irrespective of the conduct of the parents. *McGarry* v. *Loomis,* 63 N. Y., 104, 20 Am. Rep., 510.

A sententious statement of this rule is made by Hogeboom, J., in *Lennan* v. *Albany Gas Lt. Co.,* 44 N. Y., 459, viz.: "I know of no just or legal principle which, when the infant himself is free from negligence, imputes to him the negligence of the parent, when if he were an adult he would escape it. This would be, I think, visiting the sins of the fathers upon the children to an extent not contemplated in the Decalogue, or in the more imperfect digests of human law."

The uncontradicted proof in this record is that at the

time of the accident the child was seated in a place provided for passengers, with his right hand holding to the guard attached to the seat.   He was not leaning out, or standing on the seat or floor, or committing any other negligent or incautious act, even if negligence might be ascribed to one so immature in years.   While the child was thus in the exercise of as much care as an adult could be under similar circumstances, there was a plunging of the car into the depression caused by the defective track, and he was jostled off, just as an adult might have been under like conditions.   If the child was in no fault, how is the negligence of the mother to be imputed to it? There was no negligent act of the child that should have been prevented by the mother.   The record shows that the mother was seated facing the child on the seat immediately opposite, where she could see all the movements of the child, and readily restrain any imprudent act on its part.   So that, upon the uncontradicted proof, we fail to perceive any negligence either on the part of the mother or child.   Hence the failure and refusal of the circuit judge to charge that any proximate contribution of negligence on the part of the mother would defeat the child's right of recovery was innocuous, and not reversible error.

It is assigned as error that the court refused to charge, viz. :

"When it is said that a carrier of passengers must provide for their safety, as far as human skill and foresight will go, it is not meant that he shall exercise all that

Railroad v. Howard.

care and diligence of which the human mind can conceive, or all the skill and ingenuity of which he is capable. The law only requires of it all those things necessary for the safety of the passenger that are reasonable and consistent with the business of the carrier, and proper to the means of conveyance employed by him to be provided, and that the highest degree of practical care and diligence and skill shall be adopted that is consistent with the mode of conveyance used, and that will not render its use impracticable and inefficient for its intended purposes."

It suffices to say, in answer to this assignment of error, that the court did not charge that a carrier of passengers must provide for their safety as far as human skill and foresight will go, and hence there was no occasion to explain what was meant by those terms. The circuit judge might properly have charged that rule as applied to the liability of a carrier to his passengers, but as a matter of fact he only charged that "it was incumbent upon the defendant to keep its track, cars and appliances, . . . its switches and frogs, . . . in reasonably safe order and condition." Surely there can be no reasonable ground on the part of the company to complain of this charge.

It results there is no error in the record and the judgment will be affirmed.