KOHN et al. v. INTERNATIONAL MERCANTILE MARINE CO.

(District Court, E. D. Pennsylvania. June 27, 1910.)

No. 38.

SHIPPING (§ 166*)—INJURIES TO PASSENGERS—CHILDREN—NEGLIGENCE.

Plaintiff, a child nine years of age, a passenger on defendants' steamship, was standing in charge of his mother near the rail as the vessel approached her dock. In the confusion attending the landing of the vessel, plaintiff placed his left hand in a hawse hole through which a heavy cable had been passed, extending to a tug, and, as the cable moved or tightened, three of plaintiff's fingers were crushed or ground off by the rope's friction against the rim of the hole. Held, that the shipowners were not negligent in failing to construct a permanent guard about the hawse hole, nor in failing to keep the passengers away from it; the contingency of injury in the manner plaintiff was injured being too remote to impose a duty of guarding against it.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 538–552; Dec. Dig. § 166.*]

In Admiralty. Libel by Ichil Kohn and others against the International Mercantile Marine Company. Judgment for defendant.

George W. Watt, for libelants.

Howard H. Yocum, for respondent.

J. B. McPHERSON, District Judge. This is an action in personam to recover damages for personal injuries suffered by Ichil Kohn, a passenger nine years of age, on the steamship Noordland. The injury was inflicted on December 25, 1907, as the vessel was approaching her dock in the port of Philadelphia. A number of immigrants were on board, and as the ship slowly neared the land they crowded to the rail, some of them drawn by a natural curiosity, and some in order to look for friends and relatives among the people on the wharf. The boy was in charge of his mother, who was carrying a younger child; but in the press and confusion he was separated from her for a short time, and during this absence, in some way not definitely explained, placed his left hand in a hawse hole through which a heavy cable had been passed. The cable reached from the ship to a tug, and as it moved or tightened three of the boy's fingers were crushed or ground off by the rope's friction against the rim of the hole. The weight of the testimony perhaps points to the conclusion that the boy was pushed by other passengers into the position where he was hurt; but he may have reached that point in the effort to see his father, who was expected to be upon the wharf.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The first, and as I think the only, question is whether his injury was due to any negligence on the part of the respondent. The fault relied upon is thus stated:

"The said hawser rope was passed out by employés of the defendant company at a place where passengers had been allowed to gather, without any warning to them of their dangerous position, and no warning was given by any one to the said Ichil Kohn or to his mother that the said Ichil Kohn was then and there in a position of danger, nor was any warning given by any one to the said Ichil Kohn or to his mother that the said hawse hole was a place of danger."

The evidence shows that one of the crew had been at the hole assisting with the cable, and that, while he was thus engaged he directed the passengers to stand back a short distance so as to give him room; but when the accident happened he had apparently gone away, and the passengers had crowded again against the rail, pushing the boy with them. It seems clear that the only ground upon which negligence can be charged against the respondent is the failure to keep the passengers away from the hawse hole. The respondent was not obliged to have a permanent guard about the hole, any more than the Burgundia ([D. C.] 29 Fed. 464) was obliged to protect a rudder chain which was carried in an open trough across the main deck. Cables must have room to play and to be moved about, and it is evident I think that a permanent protection could not be properly required. It is therefore clear, in my opinion, that if any duty rested upon the ship it was to do one of two things: Either to station a man at the hawse hole to be continually on guard, or else to rope off that part of the deck altogether. There is no evidence that the hawser was improperly put into service, or that any negligence caused it to slip or to jerk. So far as appears, the work of getting the ship to the dock was being carefully carried on, and it is certain that the mere tightening of the cable was not in itself a negligent act. Unless, therefore, there was negligence in failing to anticipate that small children, incapable of observing and understanding the danger presented by the rope and the hole in combination, might be in the neighborhood without a caretaker—for ordinarily there was no peril in the situation, and adults might properly be expected to look out for themselves and for those in their immediate charge—and in failing to take precautions against such contingency, there is no liability on the part of the respondent. Upon this question I am of opinion that the contingency was too remote to impose the duty of guarding against it, and therefore that the respondent's negligence has not been established. Before this accident could happen, it was necessary that a number of circumstances should combine—some of them most unlikely to occur—and even the high degree of care that is properly required from a carrier of passengers would be overtaxed, I think, if the carrier should be charged with the duty of foreseeing them all. The injury is deplorable; but, unless the respondent was in fault, there is no liability.

A decree may be entered, dismissing the libel, but without costs.