# CHARLESTON.

## STATE v. GOOD.

Submitted June 10, 1904.　Decided November 15, 1904.

1. INTOXICATING DRINKS—*Unlawful Sale.*

    Proof of an unlawful sale of a mixture, preparation or liquid "which will produce intoxication" will sustain a conviction upon an indictment charging the unlawful sale of "spirituous liquors, wine, porter, ale, beer and drinks of like nature" without a State license therefor. For the purposes of chapter 32 of the Code of 1899, such mixture, preparation or liquid is, in law, spirituous liquor, whether it be such, in fact, or not. (pp. 217, 218).

2. INTOXICATING DRINKS—*Unlawful Sale.*

    When such mixture is sold in labeled bottles, as put up by the manufacturer, and has a commercial name or designation, the evidence of persons who have purchased it from the defendant and drunk it, whether at the same time or on different days and occasions, as to whether it is intoxicating, is admissible both for the State and the defendant. (p. 218).

Error to Circuit Court, Hancock County.

Elmer S. Good was convicted of an unlawful sale of intoxicating liquors, and brings error.

*Reversed.*

JOHN R. DONEHOO, for plaintiff in error.
The ATTORNEY GENERAL, for the State.

POFFENBARGER, PRESIDENT:

Reversal of a judgment of conviction of the unlawful retailing of spirituous liquors is asked here, because the indictment charges the unlawful selling of spirituous liquors, wine, porter, ale, beer and drinks of a like nature, while the proof shows a sale of an intoxicating liquid called "rikk," it being urged that as the article sold was not in fact one of the prohibited liquors, mentioned in the indictment, the charge is unsustained by proof. In addition to the liquids named in the indictment, the law prohibits the sale of "all mixtures, prepartions or liquids which will produce intoxication, whether they be patented or not," and declares that they "shall be deemed spirituous liquors within the meaning" of the statute; but the contention is that the indictment, to sustain a conviction of a sale of such mixture, preparation or liquid, must contain a count specifically covering such mixture, prepartion or liquid.

No authority directly confirming this view has been produced. The argument is one of deduction only. *State* v. *Oliver,* 26 W. Va. 422, is referred to, and an attempt made to show that, if the indictment had charged the selling of an intoxicating mixture, preparation or liquid, proof of sale of crab-cider would have made out an offense. But that clause is referred to in the opinions, and the case, made by the evidence, tested by it, just as if an offense under it had been specifically charged in the indictment. JUDGE WOOD said, "Not being a distilled liquor, neither is it a mixture known as 'bitters' or otherwise, which will produce intoxication and therefore declared for the purposes of the act 'spirituous liquor.' " JUDGE SNYDER, in his dissenting opinion, said, "The very section under which the indictment here was found uses the terms 'intoxicating drinks' and mixtures 'which will produce intoxication' and expressly prohibits their sale without a license." He opposed a reversal of the judgment, and it was reversed by the other judges, because, in their opinion, the statute did not, by any terms used, prohibit its sale. If that decision, or the views expressed by the Court, has any bearing upon the question, its effect is exactly the reverse of what is claimed in respect to it.

The legislative declaration that intoxicating mixtures "shall be deemed spirituous liquors" is equivalent to a declaration that they are spirituous liquors for the purposes of the act. An unli-

,censed sale of spirituous liquors is made an offense, and, as an intoxicating mixture, preparation or liquid is, by force of the statute, such a liquor, an unlicensed sale thereof constitues the offense. This is admitted, but it is said this statutory classifi-cation does not make a mixture which contains no alcohol, spirit-uous in fact. It cannot change the nature of the preparation, and it was not the purpose of the statute to prescribe a mode of pleading, but only to create and define an offense. All of this may be true, but the courts have uniformly held that, under such statutes, a conviction may be had upon an indictment alleging the acts constituting the offense, without reciting the means by which it was committed. One court has gone so far as to say that "An indictment for larceny by embezzlement must allege that the defendant "feloniously did steal, take and carry away the property, which is the subject of the indictment." *Com.* v. *Pratt,* 132 Mass. 246. Commencing with *Dowdy* v. *Com.,* 9 Grat. 727, in 1852, the Virginia court of last resort has asserted and adhered to principles of criminal pleading which render it impossible to sustain the position taken for plaintiff in error, and they have been followed by this Court. For obtaining money or other property which may be the subject of larceny, by false pretense, the indictment may be in the common law form, or it may charge the specific acts which the statute declares shall be deemed larceny. *Leftwich* v. *Com.,* 20 Grat. 716; *Fay* v. *Com.,* 28 Grat. 912. "Upon an indictment for simple larceny, the state may convict by proving either that the subject of the larceny was received with knowledge that it was stolen, or that it was obtained by a false token or false pretense." *State* v. *Halida,* 28 W. Va. 499; *State* v. *Edwards,* 51 W. Va. 220. The principles announced in *Dowdy* v. *Com.* are declared to extend to embezzlement also, *Pitsnogle* v. *Com.,* 91 Va. 808, the statute saying if any person embezzle any money, etc., he shall be deemed guilty of the larceny thereof.

The conclusion that proof of a sale of an intoxicating mix-ture without a license will sustain an indictment for selling spir-ituous liquors, under our statute, is reached by a more direct and shorter method of reasoning. The statute does not say a sale of such mixture shall be deemed a sale of spirituous liquor, or that a person making such sale shall be deemed guilty of the offense of selling spirituous liquor. It says all such mixtures, prepara-

tions or liquids shall be deemed spirituous liquors, and it pro-- hibits the sale thereof as a sale of spirituous liquors. In law, whether in fact or not, it is a spirituous liquor, and the legisla-- ture no doubt intended to eliminate all cavil and controversy about the composition and definition of the many intoxicating drinks then existing, and thereafter to come into existence, by the classification and declaration referred to.

The state having introduced witnesses who testified to having purchased from the defendant the bottled preparation called "Rikk," and found the effect of drinking it to be stimulation such as is produced by beer or any similar liquor, the defendant offered to prove by other witnesses that they had purchased from him at other times, near the same date, bottles of the same de-- scription, and containing what was called the same kind of drink, and used it without experiencing any stimulation therefrom, and the court ruled that what they proposed to introduce as evidence was inadmissible. He was of the opinion that it must be shown that these purchases were made on the same day, and probably on the same occasion, as the purchases referred to by the wit-- nesses for the state. This view is clearly erroneous. The iden- tity of the liquor as well as its effect in use is for the jury and not for the court, and the weight of the evidence is also for the jury. Its weight, whether great or slight, a question for the jury, is a thing entirely different from its admissibility. Owing to the difference in time and occasion, the character of the wit-- nesses and other circumstances, the jury may not give the evi-- dence much force, but that is immaterial on the question of ad-- missibility. The defendant is entitled to have it go to the jury to have such weight as they may deem it entitled to. The admiss-- ibility of this evidence is clearly established by *Com.* v. *O'Don-nell,* 8 N. E. 509; *Com.* v. *Goodman,* 97 Mass. 117; *Com.* v. *Pease,* 110 Mass. 412. "In a criminal prosecution for the sale of intoxicating liquors in violation of a local prohibitory law, the article sold being compounded by a druggist, and the bottles labeled *'Elixir Cinchona,'* or *'Cinchona Bitters;'* it is permissible for the prosecution to prove that it was bought and used by many persons as a beverage, the use to which it was applied being il-- lustrative of its nature and properties; and a person who had swallowed it may state its exhilarating effect on himself, and, though not technically an expert, may testify that, 'in his

opinion, it would produce intoxication.'" *Carl* v. *State,* 87 Ala. 17. Evidence of this character being proper for one side, it must be for the other. The rule must work both ways. "In a prosecution for selling intoxicating liquors, in violation of a local prohibitory law, a witness for the prosecution having testified that the liquor, or beverage, sold by the defendant, produced on him effects similar to those produced by whisky, it is competent for the defendant to prove by other witnesses who had drunk it, that it had no intoxicating effect on them." *Knowles* v. *State,* 80 Ala. 9. In the case just quoted from, the purchases testified to by the witnesses were made at different times and the witnesses gave the same description of the article purchased.

Certain remarks of the court, on refusing to admit this evidence, are excepted to. If this ruling had been correct, the remarks would have been harmless and not improper. The evidence will go in on the new trial, and we do not presume the court will nullify or impair its effect by improper comment.

An exception is grounded upon the refusal of the court to admit testimony as to what a government inspector had declared as the result of an analysis of "Rikk,'" made in witness' presence. The ruling of the court on this was right. It is mere hearsay.

It is urged the court should have compelled an election by the state as to the sale relied upon. As there is to be a new trial, in which the motions may be different from those made in the one which has been had, and the law on the subject is fully elucidated in *State* v. *Chisnell,* 36 W. Va. 659, it is useless to consume time on that subject.

For the error aforesaid, the judgment will be reversed, a new trial allowed, and the case remanded.

*Reversed.*