COLYAR *v.* LITTLE ROCK BOTTLING WORKS.

Opinion delivered July 6, 1914.

1.  NEGLIGENCE—DEFINITION.—Actionable negligence is a breach of a duty, resulting in an injury to some person to whom that duty is legally owing.

2.  NEGLIGENCE—PERSONAL INJURIES—LIABILITY OF VENDOR OF MANUFACTURED ARTICLE—DUTY OF CARE.—A vendor of charged drinks sold in glass bottles owes a duty not merely to charge a bottle so that its contents may not be wasted, but also to exercise that care which an ordinarily prudent person would use to avoid the infliction of an injury which might reasonably be expected to follow the failure to use this degree of care.

3.  NEGLIGENCE—VENDOR OF CHARGED DRINKS—DUTY OF CARE—EXTENT OF LIABILITY.—The vendor of charged drinks sold in glass bottles owes a duty of care that the same will not cause injury by explosion, not only to the vendee of the same, but to the employees of the vendee who perform the service which the parties must have contemplated as necessary to be performed, when the sale was made.

4.  PRINCIPAL AND AGENT—KNOWLEDGE OF AGENT.—A principal, who is a manufacturer of charged drinks, is chargeable with the knowledge of his agents who did the work, that bottles have been improperly charged.

5.  NEGLIGENCE—INJURY DUE TO NEGLIGENCE—QUESTION FOR JURY.—Appellee was the manufacturer of charged drinks sold in glass bottles. Appellant's husband purchased a case of the same, and while appellant was handling one of the bottles, in the course of business, while working in her husband's store, the bottle burst, causing her an injury. *Held*, under the evidence the cause should be submitted to the jury, on the issue of whether appellee was negligent in charging the bottle, and whether that negligence was the proximate cause of the injury.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

STATEMENT BY THE COURT.

Appellants sued appellees alleging they were partners engaged in business in the city of Little Rock, manufacturing and selling soda pop and kindred articles; that plaintiff and her husband sell soft drinks in said city, and that about October 21, 1913, they bought from the defendants a case of their goods, and after same was delivered at her place of business, she lifted one of the bottles from the case, and was carrying it to the ice box, and, while so

doing, in the exercise of due care, the said bottle, without coming into contact with anything, exploded and so injured her left eye that it had to be removed, whereby she not only lost the sight of her eye, but suffered great disfigurement and untold physical pain and mental anguish and incurred large expense for medical attention and nursing.

A demurrer to the complaint was filed and overruled and upon motion appellant elected to proceed in her name alone, her husband having been joined with her at the institution of the suit.

Appellees answered, denying the allegations of the complaint, and stating that they purchased the bottles used by them from a reputable, well known and reliable bottle manufacturer and filled them with due care, and, if plaintiff was injured by one of them, it was not due to their negligence, but to that of appellant in handling and using same.

Appellant testified that she was engaged in running a little grocery and confectionery store in the city of Little Rock, and that she handled cold drinks, and that the business was owned by herself and her husband; that as she took a bottle of soda pop from the case in which it had been delivered to put it in the ice box, having picked it up with her right hand, the bottle exploded and put her eye out. That she handled the bottle carefully and did not strike it against anything, yet it exploded and blew glass all over the floor where she was standing. She testified that she had purchased this soda pop from appellees and was taking it out of the case in which it had been delivered at the time of her injury. She further testified that she had been engaged in this business for some years, during which time a number of bottles had broken, and that sometimes these bottles would break in the case and at other times they would break on the ice.

A witness, R. E. Sallie, testified that he had worked for appellees for a period of three and one-half years, during which time he had been engaged in the delivery of bottled drinks to the appellee's customers, and that it

was rather a common occurrence for these bottles to burst while he was handling or hauling them, and that he had had them burst on his wagon without any cause of which he was aware, and that some had exploded by being struck against something, while others broke while he was handling them; that he had had customers tell him of the soda pop bottles bursting, and that it was his duty to take up these bursted bottles, as he had instructions to replace the broken ones with other bottles containing soda pop; that they broke through being overcharged, or from the bottles being defective, and that you could not tell by looking at the bottles whether they would break or not. He further testified that he cautioned appellee that too many bottles were bursting, and that they would have trouble about it; that they were charging the bottles with too much gas, and that the overcharge was sufficient to burst them and was the cause of their bursting.

A witness, Anderson, testified that he was engaged in the distilled water and soda water business, and had been in the latter business for seven years, and knew the methods of charging such bottles; that unless a bottle was cracked, it could not be told whether it was defective or not; but that charging the bottle was the usual test to discover that fact, and that if the bottle was not defective it would not ordinarily explode, if it was properly charged; that cold water will absorb at moderate pressure a great deal more of the carbonic acid gas, with which it is charged, than it will when the water is warm. He further testified that his experience has been that some bottles would burst without any apparent cause, and that the bottles used by appellees were bought from a factory which is considered one of the largest and best glass companies in the world.

At the conclusion of appellant's evidence, the court, upon motion of appellees, directed the jury to return a verdict in appellee's favor, which was done, and this appeal is duly prosecuted from the judgment rendered upon that verdict.

*Bradshaw, Rhoton & Helm,* and *Marshall & Coffman,* for appellant.

1. The case of *Nelson* v. *Armour,* 76 Ark. 352, was decided solely on the want of privity of contract, without considering the question of negligence raised by the pleadings. It is not in point here because this action is by the original vendee of the article. But that case recognizes the principle that where articles of food are sold for immediate use there is an implied warranty of soundness and fitness for use as food and that the vendee can sue for its breach. The same principle would apply where the article sold is a drink. There is the further warranty that the article sold is free from latent defects growing out of the process of manufacture. 35 Cyc. 401. The proof is clear that there was a breach of warranty, and the evidence is sufficient under this view alone, at least, to send the case to the jury. 15 L. R. A. (N. S.) 850; *Ib.* 884.

2. Aside from the question of warranty, there is sufficient evidence to send the case to the jury upon the question of negligence of the appellees. While most cases hold that where there is no privity of contract between the parties, and where the article sold is not intrinsically dangerous, proof of knowledge is necessary to a recovery for injury on account of a defect in the article, there appears to be no dissent from rule that where the immediate vendee of the defendant brings suit, proof only of negligence is necessary. 1 L. R. A. (N. S.) 1178; 11 *Ib.* (Ky.) 238; 28 *Ib.* (N. C.) 949; 23 *Ib.* (Wis.) 876; 18 *Ib.* 726; 15 L. R. A. (Minn.) 818; 68 L. R. A. (Mich.) 342.

This court recognizes the rule *res ipsa loquitur* in proving negligence. 89 Ark. 581-588, and cases cited. See, also, Labatt, M. & S., § 843; 29 L. R. A. (N. S.) 537; 43 *Ib.* 599; 61 L. R. A. 583; 12 Lea (Tenn.) 232; 11 Fed. 438; 29 L. R. A. (Cal.) 718.

Proof of the accident alone ought to raise the presumption in this case that if proper care had been exercised, the accident would not have happened, because the evidence shows that the bottle was charged by the de-

fendants, hauled by them in a case to the plaintiff and exploded in her hand when she took it out of the case carefully and properly.

*Carmichael, Brooks, Powers & Rector,* for appellees.

1. W. H. Colyar was the real vendee and there is no privity of contract between appellant and appellees. Husband and wife can not be partners in a mercantile business in this State. 56 Ark. 277.

2. The complaint and proof show clearly that there was no privity of contract between appellees as vendors, and appellant as vendee; but, if privity of contract existed, the injury complained of does not fall within any class of warranty recognized by law.

The case of *Nelson* v. *Armour,* 76 Ark. 352, was decided on the implied warranty that what the vendor sells is fit for the vendee to use; but that case did not involve the question of an inherent defect, and one, too, that was impossible to prevent.

There was no sale of bottles in this case, but only of the contents thereof, the bottles, as is shown, were to be returned when emptied. The injury, therefore, was not caused by anything that was sold.

3. There can be no liability for the injury to appellant, unless appellees had knowledge of the particular defect which caused the injury, and could, by the exercise of reasonable diligence, have prevented the accident. 71 N. Y. S. 942; 106 Ark. 574; 93 Ark. 154; 51 N. Y. S. 476, *syllabus;* 122 N. Y. 118; 46 Ohio 386; 128 N. Y. 103, *syllabus;* 9 Watt. & Serg. 32; 99 Am. St. Rep. 932; 138 Mich. 567; 5 Am. & Eng. 178, *syllabus;* 76 Ark. 353; 1 Am. & Eng. Enc. of L., 755, note; 15 L. R. A. (Mo.) 821; 51 N. Y. 494, 10 Am. Rep. 639; 111 Cal. 39; 52 Am. St. Rep. 146; 1 L. R. A. (N. S.) 1178, and note; 122 Ga. 695; 50 N. E. 974.

The burden of proving negligence is on the plaintiff. 72 Ark. 572. And the negligence can not be proved without proving the particular acts constituting the negligence. 63 Ark. 563; 94 Ark. 353.

4. The doctrine *res ipsa loquitur* does not apply in a case of this kind.

SMITH, J., (after stating the facts). It is urged there can be no recovery here because of the lack of privity between appellant and appellees, and the case of *Nelson v. Armour,* 76 Ark. 352, is cited to sustain that position. The facts in that case were that plaintiff had purchased from a dealer a can of lunch tongue, which the dealer had purchased from the Armour Packing Company, the defendant, and the court held in that case that a demurrer to the complaint was properly sustained, because there is no privity of contract between the vendor in one sale and the vendees of the same property in the subsequent sale; and that each vendee must resort as a general rule only to his immediate vendor. No reference was made in the opinion in that case to the allegations of the complaint that the packing company had been guilty of negligence in putting up the meat for sale.

(1) If appellees are liable at all under the evidence in this case, a recovery on account of that liability can not be defeated because of the lack of privity. The proof is that the bottles were sold to and delivered to the appellant, who was engaged in business with her husband, although so far at least as the bottles in question are concerned, the business was in her charge and under her control. It was urged that the business being conducted by her could not be hers, nor could she be a partner therein on account of the interest of her husband, as the wife can not engage in a partnership business with her husband. But whatever her relationship to her husband, in regard to this business may have been, the fact remains that she was in charge of it and was injured while handling one of the bottles in the usual and necessary course of business. This handling of the bottle by the vendee, or his employee, was necessarily within the contemplation of the parties when the sale was made, and if privity is essential to a recovery where negligence is alleged on the part of the vendor, there is such privity here as is necessary to sustain a recovery. If the vendor is to be

held liable at all for his negligence, in cases of this character, there is no reason for limiting that liability in favor of the vendee individually, who may never personally be exposed to the danger resulting from this negligence. Actionable negligence has been defined as a breach of duty resulting in injury to some person to whom that duty is legally owing, and the duty here is not merely to so charge a bottle as that its contents may not be wasted, but also to exercise that care which an ordinarily prudent person would use to avoid the infliction of an injury which might reasonably be expected to follow the failure to use this care; and that duty is owing not only to the vendee, but also to his employees who perform the service which the parties must have contemplated as necessary to be performed when the sale was made.

(2-3-4-5)    There is a case reported in 138 Mich. 567, the style of which is *O'Neill* v. *James*, where the facts are strikingly similar to the facts in the instant case, except that the party injured by the explosion of the bottle was an employee of the owner of the business, and there was no proof of knowledge upon the part of defendant that the bottle which exploded had been improperly charged with the gas. In that case the plaintiff had recovered a substantial judgment which was reversed on appeal because of the insufficiency of the evidence to sustain the allegations of the complaint, which allegations were held sufficient to support a recovery. The court, in reviewing the contentions of the parties and the evidence offered in support of these contentions recited that there was testimony on the part of experts, without objection on the part of defendant, that champagne cider, manufactured in the usual way, with the ordinary pressure, was safe. There was also testimony that if the pressure was increased beyond a certain limit, then the article became dangerous, and dangerous because of the likelihood of an explosion. The experts also testified that an explosion would not occur under the circumstances detailed in that case, unless the bottle had been overcharged and would be likely to occur had the bottle been overcharged. And

that while the testimony of the defendant and of his bottler was positive that no champagne cider had ever been bottled for sale at a higher pressure than that which was shown to be ordinarily safe, it was stated that if there were other testimony in the case from which a jury might reasonably infer that this pressure had been exceeded, the question became one which ought to be submitted to the jury for its decision. There was opposed to this testimony, on behalf of the defendant, the testimony of experts in which they maintained that the explosion could have occurred for no reason other than an overcharge; but there was no proof of an overcharge except this expert evidence. The court held with reference to the question of negligence that the court was right in holding that in view of the testimony in that branch of the case, the issue should have been submitted to the jury; but following this statement, the court said: ''There is, however, a much more serious question in the case. The testimony on both sides is that champagne cider, bottled in such bottles as were used by defendant, at a pressure of sixty pounds or under, is a harmless ordinary article of commerce, usually kept for sale where soft drinks are sold. The record also discloses that defendant did not himself charge the bottle which did the mischief. There is nothing to indicate that he ever saw it. The testimony of the bottler is that it was charged in the usual way, and sent out in the usual course of trade, and that he had no knowledge that it was improperly charged. Indeed, his testimony is that it was not improperly charged. There is no testimony tending to establish that defendant had any knowledge that the bottle was overcharged when it left his place of business, or from which an inference could be properly drawn that he had such knowledge. Under this state of facts, counsel for defendant claim:

''The point we raise is that where one is engaged in the manufacturing and selling of an article of commerce harmless in itself, as the proofs show that champagne cider is, when manufactured and bottled in the ordinary

manner, he can not be held liable to a third person, who stood in no privity of contract with him, because perchance one bottle did, for some reason, burst, in the absence of proof of knowledge of vendor of the defect.''

After reviewing a number of authorities, the opinion concluded with the statement that ''The plaintiff knew that champagne cider, as ordinarily manufactured and sold, was charged with a gas. As we have before stated, there is no proof from which the inference might be drawn that the defendant had knowledge that the bottle was improperly charged. The proof offered on the part of plaintiff, as well as that offered on the part of defendant, is that the apparatus used by the employees was a proper one. Under the facts disclosed by the record, a verdict should have been directed in favor of defendant.''

The instant case, however, is distinguishable from the *O'Neill* v. *James* case, *supra,* because there is proof here tending to show that the bottles were improperly charged and that appellees were aware of that fact, or were at least in possession of such knowledge and information on that subject as would impute knowledge to them of that fact. The ordinary law of principal and agent would charge appellees with any knowledge possessed by their employees, who were actually engaged in charging the bottles.

The evidence in this case presents no issue for submission to the jury upon the question of the use of defective bottles, as the proof shows the bottles were purchased from a manufacturer whose bottles were of standard grade and quality, and the only theory upon which a recovery could be sustained is that appellees were guilty of negligence in charging the bottle, and that this negligence was the proximate cause of the injury.

We think the proof is sufficient to require the submission of that issue to the jury and the judgment of the court below is therefore reversed and the cause remanded with directions to that end.