### HEINEMANN *v.* BARFIELD.

Opinion delivered October 28, 1918.

FOOD—IMPLIED WARRANTY IN SALE.—When articles of human food are sold to the consumer for immediate consumption, there is an implied warranty that they are sound and fit for food.

Appeal from Jackson Circuit Court; *D. H. Coleman,* Judge; affirmed.

*John W. Newman, S. D. Campbell* and *Gustave Jones,* for appellant.

*Ira J. Mack,* for appellee.

WOOD, J. This was a suit by Pattie Barfield as administratrix of the estate of R. H. Barfield, deceased, for the benefit of herself as widow, and Lusky Barfield, the next of kin of R. H. Barfield. The complaint alleged that she had been duly appointed administratrix of the estate of R. H. Barfield; that she was the widow of R. H. Barfield, and that Lusky Barfield was their minor child; that R. H. Barfield, her husband, was made sick and afterwards died from the effects of poison caused by eating bread made from the flour which was sold to him by the appellant. The complaint alleged that the suffering and death of R. H. Barfield "was caused by said wrongful

act of the defendant in selling for use as human food said flour, which was impure and unwholesome and contained poison as hereinbefore set out, and of the presence of which poison the defendant knew, or should have known in the exercise of that care required of him by law."

The complaint as to the charge of negligence was the same as that in the case of *S. Heinemann* v. *Pattie Barfield.* Other allegations were as to R. H. Barfield's sickness, suffering and death. There was an allegation that the "deceased contributed to the support of said widow and child and by his death they have been deprived of his companionship and care and of his support. There was a prayer for damages for the benefit of the estate in the sum of $10,000, and also for the benefit of the widow and child in the sum of $10,000.

There was a motion to make the complaint more specific and a demurrer to the complaint, both of which were overruled. The answer denied the material allegations of the complaint except as to the representative capacity of the plaintiff. The facts on the issue of negligence are the same as those developed by the evidence in the case of *S. Heinemann* v. *Pattie Barfield,* and the instructions are the same except that in the instant case the court authorized the jury, in case they found for the plaintiff, to return a verdict in separate amounts for the benefit of the estate of the deceased, R. H. Barfield, and also for the benefit of his widow and next of kin. The jury returned a verdict for the benefit of the estate in the sum of $2,000 and for the benefit of the widow and next of kin in the sum of $3,000, and from a judgment rendered according to the verdict is this appeal.

The ruling of the court was correct in overruling the motion to make the complaint more specific and the demurrer to the complaint. The complaint states a cause of action, as was held in the case of *S. Heinemann* v. *Pattie Barfield.* The facts on the issue of negligence and the instructions to the jury on that issue were the same

as those in the case of *Heinemann* v. *Pattie Barfield,* and this case is ruled by that on the issue of negligence.

The judgment in favor of the appellee for the benefit of the estate of R. H. Barfield is right and should be affirmed for the further reason, that there was testimony from which the jury might have found that the sale was made to R. H. Barfield, and, such being the case, his representative for the benefit of the estate would be entitled under the pleadings and proof to a judgment based upon the doctrine of implied warranty.

In 11 R. C. L. 1119 it is said: "In an ordinary sale of goods the rule of *caveat emptor* applied, unless the purchaser exacts of the vendor a warranty. Where, however, articles of food are purchased from a retail dealer for immediate consumption, the consequences resulting from the purchase of an unsound article may, pe so serious and may prove so disastrous to the health and life of the consumer that public safety demands * * * that there should be an implied warranty on the part of the vendor, that the article sold is sound and fit for the use for which it was purchased." This doctrine was approved in *Nelson* v. *Armour Packing Co.,* 76 Ark. 352, 355, where Judge BATTLE, speaking for the court, said: "In the sale of provisions by one dealer to another in the course of general commercial transactions the maxim *caveat emptor* applies, and there is no implied warranty or representation of quality or fitness; but when articles of human food are sold to the consumer for immediate use, there is an implied warranty or representation that they are sound and fit for food." See also *National Cotton Oil Co.* v. *Young,* 74 Ark. 144, A. & E. Ann. Cas., vol. 4, 1123; *Doyle* v. *Fuerst & Kraemer,* 129 La. 838, 56 So. 906, 27 Am. & Eng. Ann. Cas. 1010; Elliott on Contracts, § 129; 15 Am. & Eng. Enc. of Law (2 ed.), 1238; 11 R. C. L. 1119; Mechem on Sales, § 1356; 35 Cyc. 407; *Catani* v. *Swift & Co.,* L. R. A. (N. S.), 1917 B, 1272; *Craft* v. *Parker Webb & Co.,* 21 L. R. A. 139. See also cases in note to *McQuaid* v. *Ross,* 22 L. R. A. 187, 195, and cases in note

to *Farrell* v. *Manhattan Market Co.,* 15 L. R. A. (N. S.), 884.

There is no reversible error in the record, and the judgment is therefore affirmed.