WINFREE v. COCA-COLA BOTTLING WORKS OF LEBANON.
—83 S. W. (2d) 903.

Middle Section. March 30, 1935.

Petition for Certiorari denied by Supreme Court, June 10, 1935.

Walter S. Faulkner, Frank P. McMillan, and Allison Humphreys, Jr., all of Lebanon, for plaintiff in error, Winfree.

Trabue, Hume & Armistead, of Nashville, and W. B. Williams and Louis Chambers, both of Lebanon, for defendant in error Coca-Cola Co.

CROWNOVER, J. This was an action for damages for personal injuries sustained by the plaintiff when a bottle of Coca-Cola, bottled by defendant company and sold to plaintiff's employer, exploded, throwing a piece of glass into plaintiff's eye.

The declaration contained two counts; the first charging that the carbonic acid gas forced into the bottle of Coca-Cola was explosive and the defendant company was negligent in overcharging the bottle with such gas, which caused it to explode. The second count averred that defendant knew that carbonic acid gas was explosive and dangerous and that an overcharge would cause an explosion, but, in spite of that, it negligently overcharged said bottle, which caused it to explode.

Defendant pleaded not guilty.

The case was tried by the judge and a jury. At the close of plaintiff's proof, defendant moved the court for a directed verdict in its favor, which motion was granted, and the jury was directed to return a verdict in favor of the defendant, which was done, and judgment was entered dismissing the case.

Motion for a new trial having been overruled, plaintiff appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in excluding the testimony of Omer Hunter, John Chandler, Watt Hunt, Wilson·Cook, and other merchants of

Lebanon, who, just before, at the time, and after the date of this accident, purchased bottled Coca-Cola from the defendant, of which a number of bottles exploded. Such evidence would have established the fact that defendant overcharged the Coca-Cola with carbonic acid gas.

(2) The court erred in directing a verdict.

Freeman Winfree, 32 years of age, was, in October, 1933, employed as a clerk in a retail grocery store in Lebanon, Tenn. It was a part of his duty to serve bottled Coca-Cola to customers.

All Coca-Cola sold in the grocery store was purchased from the defendant, the Coca-Cola Bottling Works of Lebanon, Tenn.

Coca-Cola is kept on ice, as it is always served cold.

On October 19, 1933, Winfree went into the refrigerator to get some bacon. There were two cases of Coca-Cola in the refrigerator, one full and the other about half full of bottles. In order to reach the bacon, it was necessary for him to move these crates six to twelve inches. He caught the two handles of the partly filled crate and moved it, when one of the bottles exploded and a piece of glass was thrown into his right eye, permanently injuring it. The bottle had been in the refrigerator about three days.

Plaintiff's first assignment of error is that the court erred in excluding testimony that about the time of this accident bottles of Coca-Cola purchased by other merchants from the defendant company exploded. And the second assignment is that the court erred in directing a verdict instead of letting the question go to the jury.

The testimony of Will Scheuerman, who runs a bottling company, was that a bottle of Coca-Cola overcharged with carbonic acid gas will explode. Robert Winfree, who had been employed by a bottling company. testified that carbonic acid gas is explosive. But small bottles of soft drinks charged with carbonic acid gas are not ordinarily considered dangerous. The question is simply one of negligence—Did the defendant company, with knowledge of the explosive character of carbonic acid gas, negligently overcharge this bottle, which caused it to explode, and as a result the piece of glass was thrown into Winfree's eye?

Plaintiff, Winfree, offered testimony of witnesses to show that prior to, about the time, and subsequent to this accident, other merchants in Lebanon bought bottled Coca-Cola from this defendant company, which bottles had exploded under similar circumstances. There was also evidence that was sought to be introduced that these facts were known to the defendant. Testimony was offered and excluded that defendant at the time of said explosions was using a high-pressure machine in bottling Coca-Cola; that it has now ceased to use this machine and is using a low-pressure machine.

It was error for the court to exclude testimony that bottles

of Coca-Cola purchased by other merchants from the defendant at this time had exploded.

"Where the dangerous or safe character of the place, method, or appliance which is alleged to have caused the accident or injury is in issue, evidence is admissible in a proper case that other similar accidents or injuries, actual or potential, have theretofore, or at the same time, or thereafter resulted at or from such place, method, or appliance." 45 C. J., 1246, 1247, sec. 811; 8 Ency. of Evidence, 926-929; Lebanon v. Jackson, 14 Tenn. App., 15; Ellis v. Cotton Oil Co., 3 Higgins (3 Tenn. Civ. App.), 642, 650; Nashville R. R. v. Howard, 112 Tenn., 107, 78 S. W., 1098, 64 L. R. A., 437; John Gerber Co. v. Smith, 150 Tenn., 255, 265, 263 S. W., 974; Commercial Club v. Epperson, 15 Tenn. App., 649, 658, 659.

"Where knowledge or notice of a danger or defect is in issue, evidence of the occurrence or near occurrence of other accidents or injuries at a particular place or from the doing of a particular act or the employment of a particular method or appliance on occasions prior to the one in question, or evidence of the existence of other defects in appliances, similar to that in question and similarly used, or at a place near to the place of the accident or injury complained of or another portion of the same structure, is admissible to show that the person charged knew or should have known of the danger therein or thereat, provided the former accidents or other defects were of such nature or occurred or existed under such circumstances that he knew or should have known of them and that their occurrence or existence indicated the existence of the danger in question." 45 C. J., 1248-1250, sec. 813.

"Appellant contends that the court erred in excluding evidence of other defective cans of beans. If the evidence is connected up so as to show that the offered evidence had reference to purchases out of the same consignment, or batch, we see no reason why the evidence is not admissible. It is not necessarily evidence of other acts of negligence. We think it has a bearing on the question of negligence. That is the theory of the Dail Case [151 N. C., 284, 66 S. E., 135, 28 L. R. A. (N. S.), 949], supra. The evidence shows that defendant was producing 35,000,000 cans a year, or several thousand an hour; that at least, on one occasion, an entire batch was found defective. Though it appears that defendant's method or system is good, yet human agencies which are not always absolutely dependable were relied upon to carry out the system. See also, on the question as to evidence of other defective cans, Ward v. Morehead City Sea Food Co., supra [171 N. C., 33, 87 S. E., 958]; Craft v. Parker, W. & Co., supra [96 Mich., 245, 21 L. R. A., 139, 55 N. W., 812]; Kennedy v. Plank, 120 Wis., 197, 97 N. W. [895], 896; State v. Good, 56 W. Va., 215, 49 S. E., 121." Davis

v. Van Camp Packing Co., 189 Iowa, 775, 176 N. W., 382, 392, 17 A. L. R., 649, 666.

"The doctrine of res ipsa loquitur does not apply to cases of this kind. Bell v. Bowers Stores, 3 Tenn. App., 590. But where it appears from the evidence that foreign matter was in a bottle of coca cola when it left the custody of the defendant, it was held, in view of the high duty resting on the defendant and in the absence of other explanation, within the province of the jury (or the court sitting without a jury) to infer that the defendant was negligent in placing an impure beverage on the market, which evidence may be sufficient to carry the case to the jury. Coca Cola Bottling Works v. Lewis, 9 Tenn. App., 485; Coca Cola Bottling Works, Plaintiff in Error, v. Anna May Kennedy, Defendant in Error, 13 Tenn. App., 199.

"In other words, the doctrine of res ipsa loquitur does not apply in cases of this kind but the burden of proof is on the plaintiff to show negligence, which may be shown by circumstantial evidence." Yates v. Coca Cola Bottling Works, 14 Tenn. App., 7, 10; Merriman v. Coca Cola Bottling Co., 17 Tenn. App., 433, 440, 68 S. W. (2d), 149.

However, this question does not arise in this case. In this case evidence of negligence was offered, which should have gone to the jury, and it is not necessary to resort to inferences and presumptions. Presumptions are indulged only in the absence of proof. Frank v. Wright, 140 Tenn., 535, 205 S. W., 434; Wright v. Bridges, 16 Tenn. App., 576, 580, 65 S. W. (2d), 265; 22 C. J., 156, 157, sec. 88.

The doctrine of res ipsa loquitur applies only when the instrumentality is wholly within the possession of the defendant and under its control and management at the time of the casualty. Coca-Cola Bottling Co. v. Rowland, 16 Tenn. App., 184, 66 S. W. (2d), 272; Yates v. Coca Cola Bottling Works, supra; Lewis v. Casenburg, 157 Tenn., 187, 7 S. W. (2d), 808, 60 A. L. R., 254.

In the case of Colyar v. Little Rock Bottling Works, 114 Ark., 140, 169 S. W., 810, where a person was injured by the explosion of a bottle containing a charged soft drink, which was being handled in the usual and customary way, and the proof tended to show that the bottle was improperly charged and that the bottler, or at least his agents, possessed either actual or implied knowledge of such overcharging, it was held that the case was one for the jury on the issue of such negligent charging and whether that negligence was the proximate cause of the injury.

In Dail v. Taylor, 151 N. C., 284, 66 S. E., 135, 28 L. R. A. (N. S.), 949, it was held that, while evidence of the explosion of a single bottle of Coca-Cola was not in itself sufficient to prevent a nonsuit in an action for damages by the purchaser of a bottle, injured by

an explosion thereof, such fact, together with evidence that many other bottles put up by the defendant had exploded during the several preceding months, was sufficient to carry to the jury the question of the bottler's negligence.

█ █ It is argued for defendant that the grocery store in which Winfree was employed kept the cases of Coca-Cola in the rear of the store, where customers often went, and where they might have been tampered with before they were put into the refrigerator. We think there is nothing in this argument. If a customer had opened this bottle, the carbonic acid gas would have escaped, and there would not have been an explosion even if the third person had put the cap. back on. It would have been impossible for some third person to have opened the bottle, overcharged it with carbonic acid gas, and then put the cap back on by hand. The court will take judicial knowledge of this fact, and that this could not have been done. Furthermore, there is evidence that this part of the store was constantly under the supervision of Winfree and another clerk, which was sufficient to carry the question to the jury.

This bottle of Coca-Cola had been in the refrigerator about three days, so there was no question of the effect of sudden change in temperature on glass.

█ Defendant insists that the assignments of errors are not properly made. It is true that there are no references to pages of the transcript of the record, but, if assisted by statement of facts and citations to record in the brief, this will be sufficient. Petway v. Hoover, 12 Tenn. App., 618; Pigg v. Houston & Liggett, 8 Tenn. App., 613.

█ Where the evidence is not set out in the exception but the full substance thereof is stated, that is sufficient under our rules, No. 11, subsec. 3 (17 Tenn. App., iii).

It results that the assignments of error must be sustained and the judgment reversed. The case will be remanded to the circuit court of Wilson county for a new trial. The cost of the appeal is adjudged against the defendant, Coca-Cola Bottling Works, but the cost that accrued in the lower court will await the final determination of the case.

Faw, P. J., and DeWitt, J., concur.