# GRAHAM et al. v. CLOAR.—205 S. W. (2d) 764.

Western Section.   May 30, 1947.

Rehearing denied June 27, 1947.

Petition for Certiorari denied by Supreme Court, October 3, 1947.

308

John S. Porter, of Memphis, Heathcock & Elam, of Union City, and Burch, Minor & McKay, of Memphis, for plaintiffs in error.

Miles & Miles, of Union City, for defendant in error.

BAPTIST, J. The parties will be referred to as in the Circuit Court.

The plaintiff, Margaret Cloar, by next friend, sued the defendants, Union City Coca Cola Bottling Company, a partnership composed of Hardy M. Graham, Cora P. Graham, Zed Hawkins and Daisy P. Hawkins, for damages arising from the alleged explosion of two bottles of coca cola, alleged to have been bottled by the defendants, causing the loss of plaintiff's eye.

The declaration is in two counts.

The first count alleges, in substance, that the plaintiff while employed in the Kroger Grocery Company of Union City, Tennessee, in the exercise of due care and in the ordinary course of her duties picked up two bottles of coca cola out of a case in said store and which two bottles of coca cola had been produced and manufactured shortly prior thereto for sale to and use by the public as a harmless and refreshing beverage, and by the defendants sold to the Kroger Grocery Company for resale as such.

That after taking the bottles out of the case both of them exploded and pieces of glass were blown into her right eye and caused her to lose the sight of it.

That the defendants manufactured the contents of the bottles, filled them at their plant in Union City, and at all times had complete control of the bottles until they were sold to the Kroger Grocery Company.

That the bottles were carefully and properly handled by the Kroger Grocery Company and by all persons into whose hands they came after leaving the hands of the defendant.

That the explosion was not caused by the negligence or improper handling of the two bottles on the part of any one into whose hands they came after leaving the possession of the defendants.

That the bottles contained a beverage charged with carbonic acid which exerts an exploding pressure upon the bottles into which it is introduced and confined.

That all the facts and circumstances of and concerning the manufacture and production of the two bottles were exclusively within the knowledge of the defendant and not within the knowledge of the plaintiff.

That the bottles would not have burst if due care had been used by the defendants, and that said bottles were too highly and dangerously charged with said gas so that they could not withstand the pressure thereof.

The second count alleges that the bottles were defective or of inferior material and unable to withstand internal pressure.

The defendant filed pleas of not guilty.

The case was tried by a jury which returned a verdict in favor of the plaintiff for $10,000, and judgment entered thereon.

The defendants' motion for a new trial having been overruled the defendants have appealed to this Court and assigned errors.

The plaintiff, Margaret Cloar, a young married woman 19 years of age, was employed by the Kroger Grocery Company of Union City, Tennessee; her employment being that of a checker and her duties required her to be at the cashier stand in the front of the store. According to her testimony the Kroger Grocery Company bought all of its coca cola from the defendants Coca Cola Bottling Company of Union City. That on August 31, 1945, at about 6 p. m. she intended to remove twelve bottles of coca cola from a case which was on the floor underneath the checking stand and place them in a pasteboard box to carry to her home for her own use; that she had placed two of the bottles in the pasteboard box and had picked up two more, one in each hand and was in the act of placing these in the pasteboard box when the two bottles she had already placed in the box exploded and a piece of glas struck her eye and put it out. That after the explosion she dropped the two bottles she had in her

hands and they fell on the floor. That they did not fall in the pasteboard box nor touch any glass.

Moulton Gambill, Manager of the Kroger Store, testified that the coca colas sold at the store were purchased from the defendants Union City Coca Cola Bottling Company; that on the occasion of the injury he had just locked the door; that Mrs. Cloar was getting coca colas to carry home with her when two bottles "blowed up and put her eye out"; that she picked up two coca colas and set them in a pasteboard box; that she reached down and picked up two more; that he turned around and about the time he got even with the checking stand he heard an explosion about like a shot gun and the plaintiff was hit in the eye.

Over the objection of the defendants the witness, Ernest Posey, was permitted to testify; that he operated a barbecue stand, selling soft drinks and sandwiches; that two or three days after the accident sued on he had a bottle of coca cola which he had purchased from the defendants to explode; that at the time he was putting a warm coca cola in an ice box where there was ice water; that three or four days after the first occurrence another bottle of coca cola blew up, which was in his ice box and iced down.

Also over the objection of the defendant, Eugene White, a butcher employed at the Kroger Store, was permitted to testify that a week or ten days after the Cloar injury he was picking up a bottle of coca cola out of the cooler and as he picked up one, another "busted" and the top hit the wall on the other side of the cooler.

T. F. Wallace, professor in the Union City High School, testified that carbonated drinks contain carbonic acid gas and creates a pressure on the inside of a bottle and

that if the pressure was great enough it would tend to explode or blow up.

The evidence in behalf of the defendants is that all the machinery used in the plant consists of washing machine, spout filler, carbonator and ice machine; that all bottles used in the plant were purchased from two nationally known and reputable glass manufacturers; that the bottles are guaranteed to withstand internal pressure of 400 pounds per square inch and would actually withstand 600 to 1100 pounds per square inch; that the filling machine and the carbonator both have popoff valves set to release the pressure at 100 pounds; that these valves are tested constantly and were tested both before and after the Cloar injury; that the bottles are left open for several seconds after the bottle is filled, during which time, even if there was an excessive amount of gas, it would escape; that the bottles are given a full and complete inspection both before they are filled and after they are filled and the caps placed thereon.

That when empty bottles are returned to the plant and before being placed in the washer they are inspected for defective or cracked bottles; that the bottles go through a washing process for about fifteen minutes and come out on a moving conveyor; that the bottles pass in front of an inspection light and any cracked or broken bottles or bottles which have a chipped neck are removed and broken; that after the bottles are crowned and filled they are placed in a case on a rolling conveyor to the last operation which is the final inspection; the bottles are placed on the stand which is illuminated by two 100 watt lights with a magnifiying glass over it and if any cracked or chipped bottles are found they are broken.

Over the objection of the defendants, the Court permitted the witness Sterling Stone to testify that in

1940, while an employee of the defendant, a bottle of coca cola blew up in a case at a ball park; that he stacked about 90 cases and racked them like stove wood; that it was laying there for about 15 minutes before it blew up.

Assignment of error is made on this action of the Court in admitting this testimony. We think the assignment is well made. This occurrence took place about five years before the Cloar injury and at a time when the defendants did not own and operate the plant, therefore, the evidence was not competent for any purpose.

■ The defendant makes separate assignments of error to the action of the Court in admitting the testimony of the witnesses Moulton Gambill and Eugene White to testify that within a week or ten days after the Cloar accident the bottle of coca cola blew up in the Kroger ice box; also to the action of the Court in admitting the testimony of Ernest Posey that three or four days after the accident a bottle of coca cola exploded in his ice box.

We think the evidence of these witnesses was competent as circumstances tending to show negligence upon the part of the defendant.

In the case of Winfree v. Coca-Cola Bottling Works, 19 Tenn. App. 144, 83 S. W. (2d) 903, 905, the trial Court excluded evidence that about the time of the accident in question bottles of coca cola purchased by other merchants from the defendant exploded.

The Court of Appeals in an opinion by Judge Crownover held this to be error and said:

"It was error for the court to exclude testimony that bottles of Coca-Cola purchased by other merchants from the defendant at this time had exploded.

" 'Where the dangerous or safe character of the place, method, or appliance which is alleged to have caused the accident or injury is in issue, evidence is admissible in a proper case that other similar accidents or injuries, actual or potential, have theretofore, or at the same time, or thereafter resulted at or from such place, method, or appliance.' 45 C. J. 1246, 1247, Sec. 811; 8 Ency. of Evidence, 926-929; Lebanon v. Jackson, 14 Tenn. App. 15; Ellis v. Cotton Oil Co., 3 Higgins, 642, 3 Tenn. Civ. App. 642, 650; Nashville R. R. v. Howard, 112 Tenn. 107, 78 S. W. 1098, 64 L. R. A. 437; John Gerber Co. v. Smith, 150 Tenn. 255, 265, 263 S. W. 974; Commercial Club v. Epperson, 15 Tenn. App. 649, 658, 659.' '

The defendants assign as error the action of the Court in overruling their motion for a directed verdict at the conclusion of all the evidence.

The assignment is based on the contention that the doctrine of res ipsa loquitur does not apply in this case. Without regard to this doctrine we are of the opinion that under the facts of this case with the evidence of the explosion of the bottle causing the injury and with the evidence that other bottles put up by the defendant very near the same time, exploded a few days thereafter, is sufficient to carry to the jury the question of the defendants' negligence.

The Circuit Judge was not in error in overruling the defendants' motion for a directed verdict.

The defendants assign error on the part of the Court in charging: "The law imposes upon the manufacturer or bottler of beverages, who prepares the product and puts on the market in bottles for public consumption, a high degree of care, and a high duty in the care and preparation of such beverage, to see that the proper

amount of carbonic gas or any ingredient which may become inherently dangerous, is put in the bottle, and renders them liable for a breach of duty to the public for a failure to safeguard and perform such duty. . . . And: By the term—high degree of care as used in these instructions, is meant—that degree of care that a very careful and prudent person would exercise under the same or similar circumstances.''

The rule of high care as affecting a bottler of beverages for public consumption is stated in Coca Cola Bot. Works v. Sullivan, 178 Tenn. 405, 158 S. W. (2d) 721, 723:

''We quote from [Crigger v. Coca-Cola Bottling Co., 132 Tenn. 545, at page 552, 179 S. W. 155, at page 157, L. R. A. 1916B, 877, Ann. Cas. 1917B, 572]: 'From a careful consideration of the subject, and after mature thought, we are of opinion as follows:

'' '1. That one who prepares and puts on the market, in bottles or sealed packages, foods, drugs, beverages, medicines, or articles inherently dangerous owes a high duty to the public, in the care and preparation of such commodities, and that a liability will exist regardless of privity of contract to any one injured for a failure to properly safeguard and perform that duty.

'' '2. This liability is based on an omission of duty or an act of negligence, and the way should be left open for the innocent to escape. However exacting the duty or high the degree of care to furnish pure foods, beverages, and medicines, we believe Judge Cooley, as expressed in Brown v. Marshall, supra, 47 Mich. 576, 11 N. W. 392, 41 Am. Rep. 728, that negligence is a necessary element in the right of action, and the better authorities have not gone so far as to dispense with actual negligence as a prerequisite to the liability. In fact,

there is no logical basis of liability for personal injury without some negligent act or omission.'

"Summarizing, it will be observed that this court has laid down the following rules for guidance in this class of cases:

"1. The injured consumer, purchasing from an intermediate dealer, has a right of action against the Bottler for negligence in preparation or handling of the commodity, resulting in his injury.

"2. The liability of the Bottler is not that of a warrantor, or insurer, but rests on actual negligence in the discharge of a legal duty.

"3. The legal duty thus resting on the Bottler is to exercise a high degree of care for the protection of the health of the public."

■ We have been cited no case, and we know of none, dealing with the precise question here involved, to the effect that a manufacturer of food, beverages or articles inherently dangerous is held to a high degree of care except as affecting or for the protection of the health of the public. As stated in the Sullivan case the reason for requiring a high degree of care is for the protection of the health of the public. We think the rule is limited to such cases.

■ The general rule is that a person using a dangerous agency or instrumentality must exercise care commensurate with the risk or danger of injury involved.

■ ■ We do not think the defendants were in the use of a dangerous instrumentality in the use of carbonic acid gas for charging bottles of coca cola.

Nor do we think that the use of carbonic acid gas in bottled drinks for effervescing effects is an inherently dangerous substance. This is illustrated by the untold

millions of bottles of drinks, containing this substance and used by men, women and children everyday.

Therefore, we think the correct rule is that the defendants were required to use that degree of care exercised by an ordinany prudent person under the circumstances.

█ The charge given by the Circuit Judge on the degree of care required of the defendants was erroneous and prejudicial. Therefore, the assignment of error is sustained.

The defendants have made altogether forty-one assignments of error.

A number of these assignments relate to portions of the Court's charge in which the degree of care is defined in accordance with the portion already dealt with. ' These portions of the charge complained of will be corrected on a retrial of the case.

█ Other assignments are made on the failure of the Court to give in charge special requests tendered by the defendants.

With the exception of those requests dealing with the degree of care required of the defendants, we think the questions raised are covered by the general charge of the Court.

██ The defendants contend that the Court was in error in not permitting the defendants' counsel to make an opening statement of their case to the jury.

This was in the discretion of the trial judge according to the rules of practice in his Court. This Court will not undertake to control those rules unless there is an abuse of discretion.

█ The defendants contend that the Court was in error in charging the jury in fixing the plaintiff's damages, to look to the doctor's bills and hospital bills which

she may have incurred or paid. The contention is that the plaintiff being a minor and married, such element of damage could not be included in any judgment in her behalf.

The evidence is that plaintiff herself paid these expenses, and we are of the opinion that, in such case, the Court properly included the same as a measure of damages.

As pointed out by plaintiff's counsel the general rule is that where a minor is receiving his or her wages and pays his or her own medical expenses, the minor may recover for same in an action of damages.

In Burke v. Ellis, 105 Tenn. 702, 58 S. W. 855, 857, it is said that it being neither alleged or proven that the minor incurred any medical expenses, but that such expense was incurred by the father, such element was not proper in estimating the damages for the minor, and "while there is no proof that the child paid any expenses for medical treatment, there is a statement that such expenses were incurred and paid by the father." We find nothing in this statement contrary to the general rule as stated, but we think indicates that if the minor paid the medical expenses it would be a proper element of damage in the minor suit to recover for an injury.

The defendants complain that counsel for the plaintiff was permitted to question each individual juror as to his connection with a liability insurance company. The record shows that "in the course of the voir dire examination plaintiff's counsel asked each and every juror whether or not he had any stock in or was employed by a liability insurance company." Counsel for defendants moved the Court to require plaintiff's counsel to ask the question collectively, which motion was overruled.

It is not contended that the question was improper, but that plaintiff's counsel was limited in asking the question to the jurors collectively.

The court did not abuse its discretion in permitting counsel to examine the jurors on the question separately on this voir dire.

The defendants contend that the amount of the verdict is excessive. As the case is remanded for a new trial it is not proper for the Court to consider this question or express an opinion thereon.

All assignments of error not heretofore dealt with in this opinion are overruled, and the cause is remanded to the Circuit Court for a new trial.

The plaintiff will pay the costs of this appeal. The costs in the Circuit Court will abide the judgment there.

Anderson, P. J., and Mamner, J., concur.

On Petition to Rehear.

BAPTIST, J. The plaintiffs in error have filed a very able and insistent petition to rehear in this case.

The contention is the Court was in error in its opinion, in holding that the defendant's motion for a directed verdict was properly overruled and in holding that the case should be remanded for a new trial.

The basis of this contention is that the Court was in error in holding that the evidence of the explosion of bottles of coca-cola purchased from the defendant very shortly after the injury to the plaintiff was competent.

This question was fully presented in argument and in briefs and fully considered by the Court in its opinion.

In the opinion it is stated as a conclusion of the Court that this evidence was competent as circumstances tending to show negligence on the part of the defendant, and

cited Winfree v. Coca Cola Bottling Works, 19 Tenn. App. 144, 83 S. W. (2d) 903, as determinative of the identical question.

In that case the plaintiff was injured by the explosion of a bottle of coca cola and his right eye permanently injured by a piece of glass as a result.

The plaintiff offered testimony of witnesses to show that prior to, about the time, and subsequent to this accident other merchants bought bottles of coca cola from the defendant, which exploded under similar circumstances. This testimony was excluded and the assignments of error was to the action of the Court in excluding this testimony and in granting the defendant's motion for a directed verdict.

The Court held that the exclusion of this testimony was error and remanded the cause for a new trial.

Certiorari was denied by the Supreme Court. The opinion was published in 1935. It has not been overruled or modified in any way.

This is the authority upon which the Court holds, in its opinion, that the evidence of the subsequent explosions was competent. The petition makes no reference at all to that case, but presents an elaborate argument to the effect that the evidence was incompetent. We are unable to follow that argument in view of Judge Crownover's opinion directly holding that such evidence is competent.

The petitioner cites and quotes extensively from the case of Liggett & Myers Tobacco Co. v. Cannon, 132 Tenn. 419, 178 S. W. 1009, L. R. A. 1916A, 940, Ann. Cas. 1917A, 179.

In that case the theory of the plaintiff was that the defendant, as manufacturer, was liable because a bug

had been negligently manufactured in a plug of tobacco which he purchased from retail dealer in Memphis.

The Court stated the general rule that a manufacturer of an article placed by him on the market and sold by another is not liable to the last named for defects or impurities in the articles, and then stated the exceptions to the rule in the case of food and drink and held that tobacco did not come within the exceptions. We do not think that the facts of that case or the holding is pertinent to the question here.

The questions presented in the petition were fully presented in petitioner's brief and were considered at the time the opinion in the case was prepared.

We are of the opinion that the Court was not in error in overruling the motion for a directed verdict and accordingly the petition is denied.

Anderson, P. J., and Hamner, J., concur.