### GREEN v. EQUITABLE POWDER MFG. CO.

Civ. No. 928.

United States District Court
W. D. Arkansas, Fort Smith Division.

Nov. 30, 1950.

Gutensohn & Ragon and, John Harris, all f Fort Smith, Ark., for plaintiff.

Hardin, Barton & Shaw, Fort Smith, rk., for defendant.

JOHN E. MILLER, District Judge.

Complaint was filed October 12, 1950, y the plaintiff seeking to recover damages gainst the defendant for personal injuries eceived as the result of a delayed explosion of dynamite. Plaintiff, an employee of Walco Construction Company, vas engaged in blasting power line post oles and was using dynamite caps purchased by his employer from the defendant, which caps were designed to be detonated y electricity. Two theories are alleged s the basis for the prayed recovery, one ounding in contract and the other in tort. As to the former, it is alleged that defendant warranted that the detonation caps would explode and detonate the dynamite nstantaneously whereas the caps actually detonated the dynamite in a delayed manner, and that plaintiff's injuries were the direct result of said cap being unfit and unmerchantable. In other words, plaintiff seeks to recover for the breach of the warranties of fitness of purpose and merchantability, which, in a proper case, are implied if not expressed. Plaintiff's second theory is based upon the alleged negligence of the defendant, its agents and employees, in delivering delayed action caps to plaintiff's employer instead of instantaneous caps with knowledge that such caps when used as an instantaneous cap might result in injuries to the person of an employee of said employer, plaintiff being such an employee.

Defendant has filed a motion to dismiss, and this motion is before the court for determination.

As grounds for its motion, defendant alleges that since it sold the dynamite caps to the Walco Construction Company, plaintiff's employer, there was no warranty attached to the transaction in favor of the plaintiff, a third party to the contract, and, therefore, plaintiff's cause of action based upon breach of warranty should be dismissed. As to the negligence cause of action, defendant asserts that inasmuch as there was no privity of contract between the defendant and the plaintiff, defendant owed no duty to the plaintiff, and is not responsible in negligence to the plaintiff as a third party to the transaction.

In opposition to the motion, plaintiff admits that in actions based upon alleged breach of warranty the general rule is that privity of contract is essential, but asserts that there is an exception to the rule in the sale of chattels of an inherently explosive or dangerous nature where the seller had knowledge of the nature of the dangers and of the uses to which the chattel would be put. And, as to negligence, plaintiff contends that liability is properly predicated upon foreseeability of the danger rather than privity of contract.

The court has read and considered the briefs submitted by the respective parties, and, in addition, has made an independent investigation of the legal questions presented. It appears from the pleadings and the briefs of the parties that the sale was made in Arkansas, the injuries were received in this State, and jurisdiction exists because of diversity of citizenship of the

parties and the allegation of damages in excess of $3,000.00. Therefore, the law of Arkansas is controlling.

It is the duty of the court in this type case to apply the law of Arkansas as it finds it from the statutes of the State and the decisions of the Supreme Court of Arkansas. The court is not at liberty to reject principles and theories which are the prevailing law of this State which it might deem unsound or outmoded, regardless of the conclusions that it would reach were it empowered to adjudicate this case uninhibited by the law of Arkansas. Turning to the State decisions, it is found that the Supreme Court of Arkansas, in Drury v. Armour & Co., 140 Ark. 371, 374, 216 S.W. 40, 41, has limited breach of warranty actions to those cases wherein privity of contract exists. "It is contended, in the first place, that the court erred in requiring appellant to make an election as to the cause of action in the complaint he would stand upon. It is argued that, notwithstanding the fact set forth in the complaint that the sausage was not purchased by the consumer directly from appellee, but through an intermediate retail dealer, there was a warranty of the wholesomeness of the food product, and that plaintiff could maintain an action for the damages resulting from a breach of the warranty. This question is decided against appellant's contention in the case of Nelson v. Armour Packing Co., 76 Ark. 352, 90 S.W. 288, where Judge Battle, speaking for the court, said: 'In the sale of provisions by one dealer to another in the course of general commercial transactions, the maxim caveat emptor applies, and there is no implied warranty or representation of quality or fitness.' Liability was denied in that case on the ground that—'there was no privity of contract between appellant and appellee, and no warranty passed with the property from appellee to appellant through his vendor.' The doctrine of that case has been approved by this court in Colyar v. Little Rock Bottling Works, 114 Ark. 140, 169 S.W. 810, and Heinemann v. Barfield, 136 Ark. 500, 207 S.W. 62. We adhere to the doctrine now and treat the question as settled."

Mr. Justice Hart filed a dissent in the case in which he took the position that the warranty should run with the property through any number of hands and inure to the benefit of the ultimate consumer. Thus, it is seen that the warranty theory was considered by the court in the Drury case, supra, and the court deliberately chose not to accept it.

The rule in such cases was not changed by the enactment of the Uniform Sales Act. As expressed by Professor Whiteside in his article "Effect of Adoption of the Uniform Sales Act upon Arkansas Law," Vol. 1, Arkansas Law Review, page 122, at page 135: "At first glance it might be thought that the Uniform Sales Act, by use of the words 'whether he be grower or manufacturer or not,' changed the law so as to give the consumer a remedy against the manufacturer for breach of the implied warranties even in the absence of privity of contract. Nowhere, however, does the Sales Act provide that the buyer can recover from one other than his immediate seller for a breach of warranty. The law of Arkansas is that the ultimate consumer, who buys from an intermediate retailer and not directly from the manufacturer, cannot recover from the manufacturer in an action based upon breach of warranty, but only upon proof of negligence. * * * the Arkansas law on this point remains unaffected by the Sales Act."

Since it appears from the complaint that the plaintiff was a third party to the sale of the caps, the court is compelled to sustain the motion to dismiss in so far as the cause of action based upon an alleged breach of warranty is concerned.

As to the contention of the defendant that privity of contract is necessary to a cause of action based upon negligence, the court finds that the Supreme Court of Arkansas has definitely rejected this principle. In the recent case of Chapman Chemical Co. v. Taylor, 215 Ark. 630, 641; 222 S.W.2d 820, 825, the court said:

"It is said that there was no privity of contract between the Chemical Co. and cross appellants. This showing was at one

time, and for some time considered necessary to occasion liability, the line of decisions to that effect going back to the early English case of Winterbottom v. Wright, 10 Mees & W. 109, 152 Eng. Reprint 402, decided in 1842. But the courts have been getting away from that doctrine and many have entirely repudiated it and discarded it. The opinion of Justice Cardozo, then a member of the Court of Appeals of New York, and later an Associate Justice of the United States Supreme Court in the case of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, Ann.Cas. 1916C, [440] 446, is credited with the inception of the modern doctrine of manufacturer's liability based upon foreseeability rather than privity of contract.

"The Supreme Court of Massachusetts in the case of Carter v. Yardly & Co., 319 Mass. 92, 64 N.E.2d 693, 700, annotated in 164 A.L.R. 559, expressly repudiates the privity of contract rule and stated that the MacPherson case, supra, was now generally accepted and the summary of the Mass. case and others there cited in that 'The question in each case was whether the danger was sufficient to require the manufacturer to guard against it.' In other words, that foreseeability and not privity was the proper test."

It sufficiently appears from the complaint that the articles involved herein, detonation caps, were of such a nature, that the defendant knew, or from the facts known to it should have known, that they were or were likely to be dangerous for the use for which they were supplied, inasmuch as it is alleged that the defendant negligently supplied delayed action rather than instantaneous caps. It is recognized that the defendant was a dealer rather than a manufacturer and that the duties owed to third parties are not necessarily the same as to both. However, for purposes of this motion, the court is convinced that the plaintiff may be able to present a state of facts that would entitle him to some relief under the negligence theory. This is sufficient to require the overruling of the motion. See: Ahrens v. Moore, 206 Ark. 1035, 178 S.W.2d 256; Restatement of Torts, Vol. 11, Negligence, Sections 399 to 402, inclusive; Restatement, 1948 Supplement, Torts, Sections 399 to 402, inclusive, page 707, et seq.

In accordance with the above, an order is being entered sustaining the defendant's motion to dismiss as to the cause of action based upon the alleged breach of warranty and overruling the motion to dismiss as to the cause of action based upon negligence.